# In re Marco Antonio ROBLES-Urrea, Respondent

File A37 805 968 - Eloy

*Decided September 27, 2006*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  When the Attorney General overrules or reverses only one holding in a precedent decision of the Board of Immigration Appeals and expressly declines to consider any alternative holding in the case, the remaining holdings retain their precedential value.

(2) Misprision of a felony in violation of 18 U.S.C. § 4 (2000) is a crime involving moral turpitude.  *Matter of Sloan*, 12 I&N Dec. 840 (A.G. 1968; BIA 1966), overruled in part.

(3)  Under the "stop-time" rule in section 240A(d)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(d)(1)(B) (2000), an offense is deemed to end an alien's continuous residence as of the date of its commission, even if the offense was committed prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546.  *Matter of Perez*, 22 I&N Dec. 689 (BIA 1999), reaffirmed.

FOR RESPONDENT: Holly S. Cooper, Esquire, Davis, California

BEFORE:   Board Panel: FILPPU and PAULEY, Board Members; O'LEARY, Temporary Board Member

PAULEY, Board Member:

In a decision dated December 21, 2005, an Immigration Judge found the respondent removable and denied his application for cancellation of removal under section 240A(a) of the Act, 8 U.S.C. § 1229b(a) (2000). We dismissed the appeal from that decision on April 10, 2006. The respondent has filed a motion to reconsider our decision.  The motion will be granted.  Upon reconsideration, our decision dismissing the respondent's appeal will be reaffirmed.

## I.  FACTS AND PROCEDURAL BACKGROUND

The respondent is a native and citizen of Mexico who entered the United States as a lawful permanent resident on July 6, 1983.  On March 3, 2003, he was convicted in the United States District Court, District of Arizona, of misprision of a felony in violation of 18 U.S.C. § 4 (2000), which is a Class E

felony. The record reflects that the offense occurred between September 1986 and October 1987, and that the underlying felony was conspiracy to possess marijuana and cocaine with intent to distribute, in violation of 21 U.S.C. § 846 (2000). The respondent was sentenced to 9 months in prison, which was to be followed by 1 year of supervised release.

The Department of Homeland Security ("DHS") initially charged that the respondent was inadmissible under section 212(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2)(C) (2000), as an alien who the Attorney General had reason to believe had been an illicit trafficker in a controlled substance. An additional charge was lodged that the respondent was also inadmissible under section 212(a)(2)(A)(i)(I) of the Act as an alien who had been convicted of a crime involving moral turpitude.

The Immigration Judge ordered the respondent removed but did not specify the ground on which he based his decision. The Immigration Judge also found the respondent ineligible for cancellation of removal by operation of the "stop-time" rule of section 240A(d)(1)(B) of the Act, which prevented the respondent from accruing the necessary 7 years of continuous residence to qualify for such relief. We dismissed the respondent's appeal, finding him removable as charged and ineligible for relief from removal.

The respondent has filed a motion to reconsider our decision, arguing, as he did on appeal, that *Matter of Espinoza*, 22 I&N Dec. 889 (BIA 1999), supports a finding that misprision of a felony is not a crime involving moral turpitude.[1] He further urges that our holding in *Matter of Sloan*, 12 I&N Dec. 840, 854 (A.G. 1968; BIA 1966), that misprision of a felony is not a crime involving moral turpitude, is still binding precedent, as the Attorney General's decision in that case reversed the Board on another ground and did not address that question. Alternatively, he argues that the United States Court of Appeals for the Ninth Circuit, the jurisdiction in which this matter arises, requires an evil intent in order for an offense to be a crime involving moral turpitude and that no such evil intent inheres in the crime of misprision of a felony. Lastly, the respondent urges that the "stop-time" rule should not be applied retroactively so as to cut off his accrual of continuous residence in September 1986, when his offense was committed, and he requests that we overrule our decision in *Matter of Perez*, 22 I&N Dec. 689 (BIA 1999). The DHS has not filed a response to the motion.

---

[1] In *Matter of Espinoza*, *supra*, we held that misprision of a felony was not an aggravated felony offense "relating to obstruction of justice" under section 101(a)(43)(S) of the Act, 8 U.S.C. § 1101(a)(43)(S) (Supp. II 1996). As this decision relates only tangentially to, and does not materially support, the respondent's contention that a conviction pursuant to 18 U.S.C. § 4 is not for a crime involving moral turpitude, we shall give this argument no further consideration.

## II. ANALYSIS

### A. Precedential Viability of a Decision Reversed in Part on Other Grounds

A motion to reconsider shall specify "the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b) (2006). In his motion, the respondent argues that our holding in *Matter of Sloan*, *supra*, that misprision of a felony under 18 U.S.C. § 4 is not a crime involving moral turpitude, was still binding precedent at the time of his removal proceedings, because the Attorney General did not address that question in his decision. The respondent correctly notes that a precedent decision of the Board applies to all proceedings involving the same issue unless and until it is modified or overruled by the Attorney General, the Board, Congress, or a Federal court. *Matter of E-L-H-*, 23 I&N Dec. 814 (BIA 2005). In *Matter of Sloan*, *supra*, we held that neither concealing a person for whom an arrest warrant was issued nor misprision of felony was a crime involving moral turpitude. The Attorney General reversed the former determination but found it "unnecessary to consider any of the other grounds suggested for reversal." *Id.* at 854. We have never addressed the question whether a holding in a decision that was reversed by the Attorney General on another ground survives as precedent.

We observe that the Federal courts have consistently concluded that holdings that have been overruled or reversed on other grounds nevertheless retain their precedential viability.[2] For example, in *Central Pines Land Co. v. United States*, 274 F.3d 881, 893-94 (5th Cir. 2001), the court found that even though a prior panel decision had been reversed by the Supreme Court on one ground, the remaining grounds were unaffected and continued to be binding precedent, such that another panel could not overturn them. The court noted that the prior decision had not been vacated by the Supreme Court but was merely reversed on other grounds.

We need not determine whether that Federal rule is generally applicable when the Attorney General overrules or reverses a decision of the Board, because it is clear that the Attorney General did not intend to vacate the Board's alternative holding in *Matter of Sloan*, *supra*, that misprision of a felony is not a crime involving moral turpitude.[3] The Attorney General's decision expressly stated that no other aspect of the Board's decision was

---

[2] In addition, the cases are legion in which a decision is cited for a proposition, notwithstanding the fact that it was reversed or overruled on other grounds. *E.g.*, *Salmi v. Secretary of Health and Human Services*, 774 F.2d 685 (6th Cir. 1985) (citing *Timmreck v. United States*, 577 F.2d 372, 376 n.15 (6th Cir. 1978), *rev'd on other grounds*, 441 U.S. 80 (1979)).

[3] We note that a different relationship exists between the Board and the Attorney General, as compared to that between a higher and lower Federal court.

being considered. We therefore conclude that *Matter of Sloan*, *supra*, remained binding authority on the question whether a violation of 18 U.S.C. § 4 is a crime involving moral turpitude. Consequently, it should have been applied by both the Immigration Judge and the Board. To that extent, the respondent's motion to reconsider is meritorious.[4] However, we now determine that our alternative ruling in *Matter of Sloan*, *supra*, regarding misprision of a felony, should also be overruled.

B. Misprision of a Felony as a Crime Involving Moral Turpitude

As a general rule, a crime involves moral turpitude if it is inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general. *Matter of Olquin*, 23 I&N Dec. 896 (BIA 2006); *Matter of Torres-Varela*, 23 I&N Dec. 78, 83 (BIA 2001); *see also Grageda v. U.S. INS*, 12 F.3d 919, 921 (9th Cir. 1993) (noting that courts have described moral turpitude in general terms as "an 'act of baseness or depravity contrary to accepted moral standards'" (quoting *Guerrero de Nodahl v. INS*, 407 F.2d 1405, 1406 (9th Cir. 1969)), and as "'basically offensive to American ethics and accepted moral standards'" (quoting *Castle v. INS*, 541 F.2d 1064, 1066 (4th Cir. 1976))). Whether a particular crime involves moral turpitude is determined by reference to the statutory definition of the offense and, if necessary, to authoritative court decisions in the convicting jurisdiction that elucidate the meaning of equivocal statutory language. *See Matter of Olquin*, *supra*, at 897 & n.1. However, we may not consider the actual conduct underlying the conviction. *Matter of Torres-Varela*, *supra*, at 84 (citing *McNaughton v. INS*, 612 F.2d 457, 459 (9th Cir. 1980)).

The offense of misprision of a felony under 18 U.S.C. § 4 is defined as follows:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

A conviction under this statute requires proof that a person having knowledge of the commission of a Federal felony concealed the same from the appropriate authorities. Mere failure to report an offense is not sufficient;

---

[4] We recognize that in *Smalley v. Ashcroft*, 354 F.3d 332, 339 n.6 (5th Cir. 2003), the Fifth Circuit noted that the Attorney General's reversal of *Matter of Sloan* had extinguished its precedential value regarding misprision of a felony, but we are not persuaded by this dicta, as the court offered no analysis of the issue.

there must be affirmative conduct constituting concealment. *E.g.*, *Branzburg v. Hayes*, 408 U.S. 665, 696 n.36 (1972); *United States v. Ciambrone*, 750 F.2d 1416 (9th Cir. 1984).

In *Itani v. Ashcroft*, 298 F.3d 1213 (11th Cir. 2002), the Eleventh Circuit, which is the only court of appeals to have considered the question, found that 18 U.S.C. § 4 is a crime involving moral turpitude. This decision has been cited with approval by other circuits, including the Ninth Circuit. *Navarro-Lopez v. Gonzales*, 455 F.3d 1055 (9th Cir. 2006); *Padilla v. Gonzales*, 397 F.3d 1016 (7th Cir. 2005); *Smalley v. Ashcroft*, 354 F.3d 332 (5th Cir. 2003). In *Navarro-Lopez v. Gonzales*, *supra*, the Ninth Circuit considered the question whether the California crime of accessory after the fact constitutes a crime involving moral turpitude.[5] Citing the Eleventh Circuit's holding in *Itani v. Ashcroft*, *supra*, the Ninth Circuit concluded:

> Similarly, because an accessory after the fact conviction under [the California Penal Code] requires a knowing, affirmative act to conceal a felony with the specific intent to hinder or avoid prosecution of the perpetrator, it is contrary to the duties owed society and constitutes a crime of moral turpitude.

*Navarro-Lopez v. Gonzales*, *supra*, at 1058-59.

We agree with the Eleventh Circuit's analysis in *Itani v. Ashcroft*, *supra*, which was adopted by the Ninth Circuit in *Navarro-Lopez v. Gonzales*, *supra*. Misprision of a felony represents conduct that is inherently base or vile and contrary to the accepted rules of morality and the duties owed between persons or to society in general. *See, e.g.*, *Roberts v. United States*, 445 U.S. 552, 558 (1980) (stating that "gross indifference to the duty to report known criminal behavior remains a badge of irresponsible citizenship"); *Matter of Torres-Varela*, *supra*; *Matter of Ajami*, 22 I&N Dec. 949 (BIA 1999). We therefore conclude that misprision of a felony in violation of 18 U.S.C. § 4 qualifies categorically as a crime involving moral turpitude within the meaning of the Act. Our holding to the contrary in *Matter of Sloan*, *supra*, is accordingly overruled. We have little hesitation in so finding, having had the benefit of some 40 years of intervening decisions of the Federal courts and the Board interpreting the standard for crimes involving moral turpitude since *Matter of Sloan* was decided.

---

[5] The offense of accessory after the fact under California law is defined as follows:

> Every person who, after a felony has been committed, harbors, conceals or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment, having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof, is an accessory to such felony.

Cal. Penal Code § 32 (1999).

We find no merit in the respondent's claim that the Ninth Circuit applies a stricter test for determining moral turpitude than do other circuits or the Board and that misprision of a felony would not qualify under its standard. While the Ninth Circuit couches the test in terms of "evil intent," such intent is implicit in the statutory requirement that the actor take an affirmative step *to conceal* a felony from the proper authorities. *See Notash v. Gonzales*, 427 F.3d 693 (9th Cir. 2005) (finding that the intent may be implicit); *Gonzalez-Alvarado v. INS*, 39 F.3d 245 (9th Cir. 1994) (same). Accordingly, we conclude that the respondent was convicted of a crime involving moral turpitude.

## C. Retroactivity of the "Stop-time" Rule

The respondent argues that the "stop-time" provision of section 240A(d)(1)(B) of the Act should not apply in this case because his crime was committed prior to the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"). He acknowledges that we have previously addressed and decided this retroactivity issue in *Matter of Perez*, *supra*, where we held that the "stop-time" provision applies, even if the commission of the offense preceded the enactment of the IIRIRA. The respondent asserts that our decision predated the Supreme Court's ruling regarding retroactivity in *INS v. St. Cyr*, 533 U.S. 289 (2001), and should be therefore overruled.

We are unpersuaded by the respondent's assertions. The respondent's situation is distinguishable from that of the alien in *INS v. St. Cyr*, *supra*, where the Court found that the amendments and repeal of former section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994), cannot be retroactively applied against aliens who pled guilty to their crimes in reliance on the possible availability of that waiver. Section 240A was not in existence, or even pending enactment, at the time the respondent committed his offense more than a decade earlier. It is therefore difficult to understand how he might have relied on the future availability of such relief as undergirding a retroactivity claim. *Cf. Fernandez-Vargas v. Gonzales*, 126 S. Ct. 2422 (2006) (finding that section 241(a)(5) of the Act, 8 U.S.C. § 1231(a)(5) (2000), which permits reinstatement of a removal order, may be applied to an alien who reentered before the effective date of the reinstatement provision). The fact that the respondent has not specifically asserted that he would have acted differently but for the enactment of the "stop-time" rule further undermines his argument that applying the rule to his case has an impermissible retroactive effect. *Cf. Arenas-Yepes v. Gonzales*, 421 F.3d 111, 117 (2d Cir. 2005) (holding that the "stop-time" rule at section 240A(d)(1)(A)

of the Act, which cuts off time when a charging document is issued, had no impermissible retroactive effect on the petitioner).

We note that the Ninth Circuit has found that the "stop-time" rule must be applied in proceedings after the effective date of the IIRIRA. *Sotelo v. Gonzales*, 430 F.3d 968, 972 n.2 (9th Cir. 2005); *Ram v. INS*, 243 F.3d 510 (9th Cir. 2001). Although the respondent cites several Federal district court decisions, none arises in Ninth Circuit, which is the controlling jurisdiction in this case. *See, e.g.*, *Henry v. Ashcroft*, 175 F.Supp.2d 688 (S.D.N.Y. 2001). In any event, we are not bound to follow the published decision of a district court, even in cases arising in the same district. *See Matter of K-S-*, 20 I&N Dec. 715 (BIA 1993). The respondent has not otherwise cited any precedential case law indicating that the "stop-time" rule cannot be applied to crimes which predate the effective date of the IIRIRA. We therefore find no basis to overturn our decision in *Matter of Perez*, *supra*.

## III. CONCLUSION

When the Attorney General reverses only one holding in a precedent decision of the Board, any alternative holding in the case retains its precedential value. Although our holding in *Matter of Sloan*, *supra*, that misprision of a felony is not a crime involving moral turpitude survived the Attorney General's reversal of our decision on other grounds, we now find that our conclusion in that regard should be overruled. We therefore conclude that misprision of a felony in violation of 18 U.S.C. § 4 is a crime involving moral turpitude.

We also reject the respondent's argument that the "stop-time" rule of section 240A(d)(1)(B) of the Act should not be applied retroactively. We therefore again find that he is ineligible for cancellation of removal based on his conviction for a crime involving moral turpitude, which terminated his continuous residence within 7 years of his admission. Accordingly, upon reconsideration, we conclude that the respondent's appeal should be dismissed.

**ORDER:** The respondent's motion to reconsider is granted.

**FURTHER ORDER:** Upon reconsideration, our April 10, 2006, decision dismissing the respondent's appeal is reaffirmed.