

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-8-2008

# Jones v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1040

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jones v. Atty Gen USA" (2008). *2008 Decisions*. Paper 561.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/561

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1040

_____

CAROL JACQUELINE JONES,
a/k/a Carol J Jones,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A37-776-025)
Immigration Judge: Honorable Annie Garcy

_____

Argued April 10, 2008
Before: SMITH, HARDIMAN and ROTH, *Circuit Judges*.

(Filed:  September 8, 2008)

Matthew L. Guadagno (Argued)
Bretz & Coven
305 Broadway
Suite 100
New York, NY 10007-0000
        *Attorney for Petitioner*

Ethan B. Kanter (Argued)
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044-0000
        *Attorney for Respondent*

_____

OPINION OF THE COURT

_____

HARDIMAN, *Circuit Judge*.

Carol Jacqueline Jones petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) denying her application for cancellation of removal. For the reasons that follow, we will deny the petition.

## I.

Because we write exclusively for the parties, we recount only those facts essential to our decision.

A native and citizen of Jamaica, Jones was admitted as a lawful permanent resident on May 19, 1983. Since coming to the United States, Jones has been convicted of three crimes. On December 11, 1986, she was convicted of criminal possession of marijuana in the first degree, in violation of New York Penal Law (NYPL) § 221.30. On August 25, 1993, she was convicted of theft of services, in violation of NYPL § 165.15. Finally, on June 8, 2005, she was convicted of petit larceny, in violation of NYPL § 155.25.

2

On February 13, 2006, Immigration and Customs Enforcement (ICE) placed Jones in removal proceedings based upon her 1986 drug conviction; two weeks later, ICE issued an additional charge of removability based upon Jones's theft of services and larceny convictions. Jones conceded her convictions and applied for two forms of relief: (1) cancellation of removal and (2) relief under former § 212(c) of the Immigration and Naturalization Act (INA).

In a hearing before the IJ, Jones admitted that she was ineligible for cancellation of removal based upon the application of the "stop-time rule" to her 1986 conviction.[1] In addition, Jones faced difficulties with her former § 212(c) application. Because § 212(c) was repealed in 1996, that form of relief would not reach her 2005 petit larceny conviction, meaning that she would still be removable on the basis of that conviction even if her former § 212(c) application were granted. As a result, Jones filed a late notice of appeal in state court in an attempt to overturn her 2005 conviction so that a successful former § 212(c) application could provide her with relief from removal.

Jones sought and received continuances from the IJ while awaiting the state court's decision on her notice of appeal. As no action was taken by the state court after several continuances, the IJ denied Jones's request for a further continuance on July 26, 2006,

---

[1] As will be discussed below, the "stop-time rule" renders an alien ineligible for cancellation of removal upon the commission of certain crimes within seven years of the alien's admission to the United States.

3

noting that the case could be reopened if Jones's state court appeal was ultimately successful.

In the absence of state court action on her 2005 conviction, Jones conceded that her former § 212(c) application was, at least for the moment, futile. Accordingly, the IJ noted in her decision that Jones had "not sought a hearing concerning eligibility for relief under [former] [s]ection 212(c) of the Act" and had thus "at least *temporarily* abandoned the application in light of her current predicament." (IJ Dec. at 5-6 n. 1) (emphasis in original). The IJ also denied Jones's application for cancellation of removal, noting that "both of the parties agreed that the respondent is subject to the stop-time rule under Section 240A of the Immigration and Nationality Act because the respondent's first conviction was only two years after the respondent acquired her lawful permanent residence." (IJ Dec. at 5).

Subsequently, the state court denied Jones's notice of appeal on her 2005 conviction, thus rendering her former § 212(c) application futile. With that avenue of relief closed, Jones attempted to resuscitate her cancellation of removal application in her appeal to the BIA, arguing for the first time that application of the stop-time rule to her 1986 conviction was impermissibly retroactive because the rule was enacted in 1996. In affirming the IJ, the BIA rejected Jones's retroactivity argument as untimely, noting that Jones had "conceded that she was ineligible for cancellation of removal at the hearing, and therefore did not raise her current argument in a timely manner." (BIA Dec. at 1).

4

Furthermore, the BIA noted that under its precedent, "an offense is deemed to end an alien's continuous residence as of the date of its commission, even if the offense was committed prior to the enactment of [the stop-time rule]." (BIA Dec. at 2) (*citing Matter of Jurado*, 24 I&N Dec. 29, 32 (BIA 2006); *Matter of Robles*, 24 I&N Dec. 22, 27-28 (BIA 2006)). Jones timely filed this petition for review, again asserting that the application of the stop-time rule to her petition for cancellation of removal was impermissibly retroactive.

## II.

Both cancellation of removal and the stop-time rule were created with the 1996 enactment of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). In particular, cancellation of removal is a form of discretionary relief available to aliens who meet a series of eligibility requirements, including seven years of continuous presence in the United States. *See* INA § 240A(a)(2), 8 U.S.C. § 1229b(a)(2). In turn, the stop-time rule terminates an alien's accrual of time towards this seven-year requirement upon the commission of certain crimes. *See* INA § 240A(d)(1), 8 U.S.C. § 1229b(d)(1). Consequently, an alien who commits a qualifying offense within seven years of being admitted to the United States cannot satisfy the continuous presence requirement and is ineligible for cancellation of removal.

Therefore, if the stop-time rule were to apply to Jones with her 1986 drug offense, she would be rendered ineligible for cancellation of removal. As noted above, Jones

5

initially conceded the rule's applicability before the IJ; however, once her state court efforts to overturn her 2005 petit larceny conviction failed (thus rendering her former § 212(c) application futile), she put forth the present retroactivity argument to the BIA in an attempt to breathe new life into her cancellation of removal application.[2]

### III.

We now turn to the substance of Jones's retroactivity argument. In *Landgraf v. U.S.I. Film Products*, 511 U.S. 244 (1994), the Supreme Court set forth a two-step test to determine whether it is permissible to apply a statute retroactively. The first step asks us to "ascertain whether Congress has directed with the requisite clarity that the law be applied retrospectively." *INS v. St. Cyr*, 533 U.S. 289, 316 (2001) (*citing Martin v. Hadix*, 527 U.S. 343, 352 (1999)). If the statute is not sufficiently clear, we proceed to the second step, which asks us to "determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf*, 511 U.S. at 266.

---

[2] Though the inconsistency of Jones's positions before the IJ and the BIA raise the specter of judicial estoppel, we note that this "is an extreme remedy, to be used only when the inconsistent positions are tantamount to a knowing misrepresentation to or even fraud on the court." *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 319-20 (3d Cir. 2003) (citation omitted). We do not think that Jones's attempts to find an alternative avenue of relief in the face of removal are properly characterized as a "knowing misrepresentation" or "fraud on the court."

With regard to the first step of the *Landgraf* analysis - whether Congress has clearly specified that the stop-time rule should be applied retroactively to a petition for cancellation of removal - we note that "[t]he standard for finding such unambiguous direction is a demanding one," involving statutory language "so clear that it could sustain only one interpretation." *St. Cyr*, 533 U.S. at 316-17 (*citing Lindh v. Murphy*, 521 U.S. 320, 328 n.4 (1997)). Our review of the statute and its legislative history convinces us that Congress has not clearly directed whether the stop-time rule should apply in these circumstances.

We turn therefore to the second step of *Landgraf*, which asks us to "determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." 511 U.S. at 266. Moreover, this determination "should be informed and guided by 'familiar considerations of fair notice, reasonable reliance, and settled expectations.'" *Martin*, 527 U.S. at 358 (*quoting Landgraf*, 511 U.S. at 270).

Jones attempts to analogize her request for cancellation of removal to the availability of § 212(c) relief as determined in *St. Cyr*. She argues that when she pled guilty to drug possession in 1986, she did so in reliance upon her ability to seek discretionary relief from deportation, an interest she claims was impaired when IIRIRA created the stop-time rule ten years later. This argument fails because neither the stop-

7

time rule nor cancellation of removal itself was "in existence, or even pending enactment, at the time the respondent committed [her] offense more than a decade earlier"; accordingly, it is "difficult to understand how [Jones] might have relied on the future availability of such relief [cancellation of removal] as undergirding a retroactivity claim." *Robles*, 24 I&N Dec. at 27.

Rather, any reliance interest that Jones had in discretionary relief at the time of her 1986 guilty plea involved § 212(c) — which was the form of relief available at that time — and not cancellation of removal. Moreover, the Supreme Court's holding in *St. Cyr* ensured that this interest would be undiminished by IIRIRA's repeal of § 212(c). Because of *St. Cyr*, aliens who could apply for § 212(c) relief before IIRIRA's enactment can still apply for former § 212(c) relief after IIRIRA's enactment, as Jones did in this case.[3]

As IIRIRA's enactment of the stop-time rule did not impair rights that Jones possessed when she acted, increase her liability for past conduct, or impose new duties with respect to already-completed transactions, we hold that the stop-time rule did not have an impermissible retroactive effect upon her.

IV.

For the foregoing reasons, we will deny the petition for review.

---

[3] As noted earlier, the reason that former § 212(c) is of no help to Jones now is that her attempts to overturn her 2005 state court conviction for petit larceny (which former § 212(c) does not reach) fell through.