FILED
United States Court of Appeals
Tenth Circuit

April 26, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JESUS CONTRERAS-BOCANEGRA,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 09-9521
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Petitioner Jesus Contreras-Bocanegra seeks judicial review of the denial of

his application for cancellation of removal under 8 U.S.C. § 1229b.  In the

alternative, he asks us to hold this appeal in abeyance pending a decision on his

motion to reopen, which is currently before the Board of Immigration Appeals

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(BIA). We see no reason to abate the appeal and deny that request. For the reasons explained below, we also deny the petition for review.

## I. BACKGROUND

Mr. Contreras[1] is a native and citizen of Mexico. Although he claims to have lived in the United States since the early 1980s, he first gained formal status in 1987 when he was admitted as a temporary resident. His status was adjusted to that of a permanent resident alien in 1989. In 1991 Mr. Contreras pleaded guilty in Utah state court to attempted possession of cocaine. He was fined and received a 12-month suspended sentence.

In 2004 federal agents stopped Mr. Contreras at a Los Angeles airport as he was attempting to reenter the United States after a brief trip abroad. He was later served with a Notice to Appear charging him with being removable because of the 1991 conviction. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II) (rendering inadmissible any alien convicted of a controlled-substance violation). Mr. Contreras conceded removability, but filed an application for cancellation of removal under § 1229b(a).

> [C]ancellation of removal is a discretionary form of relief that allows the Attorney General to cancel the removal order of a removable alien. To qualify for cancellation of removal, an alien must satisfy three elements: (1) the alien must have been lawfully admitted for permanent residence for not less than five years, 8 U.S.C. § 1229b(a)(1); (2) the alien must have resided in the United States

---

[1]We follow the petitioner's lead in referring to himself simply as Mr. Contreras, rather than Mr. Contreras-Bocanegra.

continuously for 7 years after having been admitted in any status, *id.*
§ 1229b(a)(2); and (3) the alien may not have been convicted of any
aggravated felony, *id.* § 1229b(a)(3).

*Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1019–20 (10th Cir. 2007) (internal
quotation marks omitted). The immigration judge (IJ), however, ruled that
Mr. Contreras had failed to meet the residency requirement of § 1229b(a) and
ordered his removal.

The IJ's conclusion was based on § 1229b(d)(1), the so-called "stop-time
rule." The stop-time rule was enacted as part of the Illegal Immigration Reform
and Immigrant Responsibility Act of 1996 (IIRIRA), and provides "a
methodology to calculate an alien's continuous physical presence or residence in
the United States and thus determines whether an alien has been here long enough
to be eligible for cancellation of removal." *Torres de la Cruz*, 483 F.3d at 1020.
The rule provides in relevant part that "any period of continuous residence or
continuous physical presence in the United States shall be deemed to end (A) . . .
when the alien is served a notice to appear . . . or (B) when the alien has
committed [a controlled substance] offense." § 1229b(d)(1). Because Mr.
Contreras committed such an offense in 1991, only four years after his admission
into the United States, the IJ concluded that the stop-time rule precluded him
from accruing the seven years of continuous residence required by § 1229b(a)(2).
Although it appears from the transcript of the proceedings that the denial of
cancellation was based solely on Mr. Contreras's failure to meet the seven-year

requirement, *see* Admin. R. at 72–83, the IJ's oral decision also said that Mr. Contreras had failed to meet the five-year requirement set forth in § 1229b(a)(1). *Id.* at 26 ("[R]espondent has not been lawfully admitted to the United States as a permanent resident for not less than five years. . . ."). The government therefore contends that Mr. Contreras was denied relief on both grounds.

Mr. Contreras filed a timely notice of appeal with the BIA, challenging the IJ's retroactive application of the stop-time rule to his 1991 conviction. Although he checked a box in the notice of appeal indicating that he would file a supporting brief, he failed to do so. Consequently, his entire argument before the BIA was contained in one short paragraph in the notice, which stated: "The immigration judge did not apply the standard for cancellation of removal adequately. The immigration judge applied laws of 1996 retroactively to a conviction of 1991 when it's a violation of rights to apply them in such a manner." *Id.* at 35. The BIA rejected this argument and "agree[d] with the Immigration Judge's finding that the 'stop-time' rule preclude[d] [Mr. Contreras's] eligibility for cancellation of removal, notwithstanding the date of his criminal conviction." *Id.* at 3. In so ruling, the BIA noted that a decade earlier in *In re Perez*, 22 I. & N. Dec. 689 (BIA 1999), it had upheld application of the stop-time rule to a pre-IIRIRA conviction and that it had recently reaffirmed that decision in *In re Robles-Urrea*, 24 I. & N. Dec. 22 (BIA 2006). It also cited cases from the Second, Fifth, and

Ninth Circuits, along with our decision in *Torres de la Cruz*, as general support for its decision to allow retroactive application of the stop-time rule.

Mr. Contreras's petition for review seeks an order overruling the BIA and holding that the stop-time rule cannot be applied retroactively to convictions obtained before IIRIRA's enactment.[2] The government opposes relief on two grounds. The first is procedural. It asserts that the IJ concluded that Mr. Contreras had failed to meet two independent requirements for eligibility for cancellation of removal: (1) the requirement of lawful admission as a permanent resident for five years and (2) the requirement of continuous residence in this country for seven years. On appeal to the BIA, however, Mr. Contreras challenged only the IJ's finding as to the seven-year requirement, thereby failing to exhaust his administrative remedies with respect to the five-year requirement. Therefore, argues the government, we cannot grant relief because Mr. Contreras is barred from challenging the permanent-residence ground for the denial of his application for cancellation of removal. Alternatively, the government argues that the BIA correctly applied the stop-time rule to Mr. Contreras's 1991 conviction.

---

[2]Mr. Contreras has apparently filed with the BIA a motion to reopen based on ineffective assistance of counsel, arguing that his prior counsel should have insisted upon a hearing to determine whether he could establish an earlier date of entry into the United States. *See* Aplt. Br. at 1, 5–7. But because that motion is currently pending, he concedes that he has not exhausted his ineffective-assistance claim. *Id.* at 6 (citing *Galvez Pineda v. Gonzales*, 427 F.3d 833, 837–38 (10th Cir. 2005)). Accordingly, we will not address it.

## II.    DISCUSSION

### A.    Five-Year-Permanent-Residence Requirement

First we address the government's argument that we must deny relief because Mr. Contreras failed to appeal to the BIA the IJ's ruling that he had not satisfied the five-year-permanent-residence requirement of § 1229b(a).  We reject the argument, because the government cannot rely on the IJ's permanent-residence ruling.  The BIA dismissed Mr. Contreras's appeal in a substantive, albeit short, opinion in accordance with the procedure set forth in 8 C.F.R. § 1003.1(e)(5).  *See generally Uanreroro v. Gonzales*, 443 F.3d 1197, 1203–04 (10th Cir. 2006) (outlining the differences between methods of BIA decision-making and the implications for appellate review).  Under these circumstances, it would be improper for us to "affirm on grounds raised in the IJ decision unless they [were] relied upon by the BIA in its affirmance."  *Id.* at 1204.  *Uanreroro* held that "[a]s long as the BIA decision contains a discernible substantive discussion, . . . [this court's] review extends no further, unless [the BIA decision] explicitly incorporates or references an expanded version of the same reasoning below."  *Id.*  Here, the BIA did not acknowledge, much less rely on, the IJ's finding that Mr. Contreras had failed to meet the permanent-residence requirement of § 1229b(a)(1).  The BIA's affirmance was based exclusively on application of the stop-time rule to the seven-year requirement of § 1229b(a)(2).  *See* Admin. R. at 2–3 (referring to Mr. Contreras's period of "continuous"

residence).  Under these circumstances *Uanreroro* precludes us from denying relief on the permanent-residence ground.

### B.    Seven-Year-Continuous-Residence Requirement

#### 1.    Jurisdiction

Before addressing the merits of Mr. Contreras's challenge to the IJ's decision regarding his seven-year continuous residence, we consider a potential impediment to our jurisdiction, which we may raise sua sponte.  *See Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1380 (10th Cir. 2009).  Our concern is Mr. Contreras's failure to file a brief in his appeal to the BIA.  As a general proposition, "neglecting to take an appeal to the BIA constitutes a failure to exhaust administrative remedies as to any issue that could have been raised, negating the jurisdiction necessary for subsequent judicial review."  *Torres de la Cruz*, 483 F.3d at 1017 (internal quotation marks and alteration omitted).  Relevant here, we have held that "general statements in the notice of appeal to the BIA are insufficient to constitute exhaustion of administrative remedies."  *Id.* at 1018.  But fortunately for Mr. Contreras, although he failed to brief his argument before the BIA, it nonetheless opted to resolve his appeal on the merits and rendered a substantive discussion of the seven-year-continuous-residence issue.  We therefore conclude that he has exhausted his administrative remedies with respect to that issue.  *See Sidabutar v. Gonzales*, 503 F.3d 1116, 1120–1122

(10th Cir. 2007) (exhaustion requirement is satisfied if the petitioner raised the issue *or* if the BIA actually decided the issue).

We also note that "[a]lthough we generally lack jurisdiction to review denials of discretionary relief, *see* 8 U.S.C. § 1252(a)(2)(B), . . . this court always retains jurisdiction to review constitutional claims and questions of law." *Garcia v. Holder*, 584 F.3d 1288, 1289 n.2 (10th Cir. 2009). The denial of relief in this case turned on the BIA's purely legal determination that the stop-time rule must be applied retroactively to a conviction obtained before the rule's enactment. We have jurisdiction to review this legal determination.

### 2.    Merits

Mr. Contreras's petition contends that applying the stop-time rule to bar cancellation of removal is impermissibly retroactive in his case. This court has previously rejected a constitutional attack when the stop-time rule was applied to bar discretionary relief under § 1229b because of a prior conviction. *See Torres de la Cruz*, 483 F.3d at 1021–22 (upholding the rule against equal-protection and substantive-due-process challenges). The conviction in *Torres de la Cruz* did not predate the enactment of IIRIRA, however, and therefore retroactive application of the statute was not at issue. Nonetheless, Mr. Contreras apparently believes that *Torres de la Cruz* mandates a denial of relief in his case. *See* Aplt. Br. at 5 ("This Court has supported the BIA in finding the stop-time rule was not impermissibly retroactive." (citing *Torres de la Cruz*)). But he urges us to

-8-

"revisit" *Torres de la Cruz, id*. at 5, 7, and instead adopt the Ninth Circuit's reasoning in *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190 (9th Cir. 2006), in which the court held that it was impermissible to apply the stop-time rule retroactively in the circumstances of that case.

As a general matter, we do not consider arguments that are inadequately briefed, *see Bronson v. Swensen*, 500 F.3d 1099, 1104–05 (10th Cir. 2007), as when a proposition stated in the table of contents or in a section heading is not followed by any supporting analysis. *See id*. at 1105 ("[C]ursory statements, without supporting analysis and case law, fail to constitute the kind of briefing that is necessary to avoid application of the forfeiture doctrine"). We could dispose of the retroactivity issue on that ground because Mr. Contreras's brief on appeal contains almost no discussion of the issue. His argument of less than one page does little more than baldly state that we should overrule the BIA and categorically bar application of the stop-time rule to convictions obtained before IIRIRA's passage. There is no supporting analysis, and his brief does not even attempt to explain why applying the stop-time rule is fundamentally unfair in this case. Nevertheless, the brief does cite *Sinotes-Cruz*, which thoughtfully presents arguments concerning retroactivity. We will exercise our discretion to consider whether we should follow that decision and grant relief to Mr. Contreras.

Before discussing *Sinotes-Cruz*, we note that at least one circuit has held that § 1229b(d)(1)(B) unambiguously applies to convictions predating IIRIRA.

*See Heaven v. Gonzales*, 473 F.3d 167 (5th Cir. 2006). Were we to follow that circuit, we would reject the holding in *Sinotes-Cruz*. We need not go so far, however, because, as we shall see, *Sinotes-Cruz* restricted its nonretroactivity holding to a limited set of circumstances, and Mr. Contreras has made no effort to show that his case comes within that set.

Sinotes-Cruz pleaded guilty to two nondeportable offenses in 1993, only five years after being admitted into the United States. Upon IIRIRA's effective date, the offenses became deportable, and in 2000 Sinotes-Cruz was placed in removal proceedings. The IJ denied his request for cancellation of removal, concluding that he was ineligible for relief because his 1993 convictions stopped him from accruing seven years of continuous residence, a finding affirmed by the BIA. The Ninth Circuit reversed, concluding that application of the stop-time rule to Mr. Sinotes-Cruz's pre-IIRIRA conviction obtained through a guilty plea would produce an impermissible retroactive effect. *See Sinotes-Cruz*, 468 F.3d at 1197–1203. Because Sinotes-Cruz had pleaded guilty to an offense that did not render him deportable at the time, the court reasoned that he had entered the plea "in the justifiable expectation that [it] would have no effect on [his] immigration status." *Id.* at 1202. It also observed that before IIRIRA's effective date, Sinotes-Cruz had become eligible for discretionary relief. *See id.* at 1202. The petitioner's detrimental reliance on the state of the law at the time he pleaded guilty, combined with IIRIRA's elimination of any avenue for discretionary

relief, led the court to hold that it would be fundamentally unfair to apply the stop-time rule retroactively in his case. *See id.* at 1202-03.

Even were we to agree with the reasoning of *Sinotes-Cruz*—a step we need not take—we could not grant Mr. Contreras relief because he has not attempted to show that he comes within its holding. Central to the Ninth Circuit's decision was that the petitioner had pleaded guilty to a nondeportable offense, and therefore reasonably expected the conviction to have no effect on his immigration status. Yet Mr. Contreras has not argued that his conviction was for a nondeportable offense. Nor has he suggested that if it was a deportable offense, he was nevertheless eligible for discretionary relief when he pleaded guilty. Given Mr. Contreras's failure to establish these critical facts, he has not shown that he would be entitled to relief under the reasoning of *Sinotes-Cruz*. *See Martinez v. I.N.S.*, 523 F.3d 365, 373–74 (2d Cir. 2008) (applying the stop-time rule to a conviction obtained before IIRIRA's enactment "would *not* have an impermissible retroactive effect" with respect to a petitioner who was not eligible for discretionary relief when he committed the crime. (emphasis added)). As far as we can tell, his right to stay in this country was no greater when he pleaded guilty than it is now, so retroactive application of the stop-time rule is not unfair.

## III.    CONCLUSION

We DENY Mr. Contreras's petition for review.  Mr. Contreras's request to abate the appeal is also DENIED.

Entered for the Court


Harris L Hartz
Circuit Judge