# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 29, 2011

No. 11-60125
Summary Calendar

Lyle W. Cayce
Clerk

IQBAL AHMAD,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A041 689 744

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Iqbal Ahmad, a native and citizen of Pakistan, petitions for review of the
order of the Board of Immigration Appeals (BIA) dismissing his appeal of the
order of the Immigration Judge (IJ) finding him removable and denying his
applications for a waiver of inadmissibility and cancellation of removal.

Ahmad argues that he was not removable because his conviction for
misprision of a felony, a violation of 18 U.S.C. § 4, is not a crime involving moral
turpitude (CIMT). He asserts that when he pleaded guilty to misprision of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

felony in 2004, he relied on *In re Sloan*, 12 I&N Dec. 840 (AG 1968) (reversing 1966 BIA decision), that misprision of a felony is not a CIMT because the BIA did not issue a decision holding that misprision of a felony was a CIMT until *In re Robles-Urrea*, 24 I&N Dec. 22, 28 (BIA 2006).

Our jurisdiction over an immigration proceeding is governed by 8 U.S.C. § 1252. Section 1252(a)(2)(C) "generally prohibits judicial review of 'any final order of removal against an alien who is removable by reason of having committed' certain designated criminal offenses." *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 460-61 (5th Cir. 2006) (aggravated felony case). However, § 1252(a)(2)(D) provides that judicial review of "constitutional claims or questions of law" is not precluded. *Id.* at 461. Whether a past conviction constitutes a CIMT is a question of law. *Smalley v. Ashcroft*, 354 F.3d 332, 335 (5th Cir. 2003). As the question whether Ahmad committed a CIMT is a legal one, we have jurisdiction to review this question, and our review is de novo. *See Martinez v. Mukasey*, 519 F.3d 532, 538 (5th Cir. 2008). We review the BIA's decision and the decision of the IJ to the extent that it influenced the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593–94 (5th Cir. 2007).

Ahmad's arguments hinge on his assertion that he relied on the 1966 BIA ruling in *In re Sloan*, that misprision of a felony is not a CIMT. The BIA found that "there was no settled rule of law for him to rely upon." This is correct. The United States Attorney General reversed *In re Sloan* in 1968, and the reversal was noted by this court in 2003. *Smalley*, 354 F.3d at 339 n.6 (stating that *In re Sloan* lacked any precedential value). Accordingly, the BIA did not err in finding that Ahmad was removable for having committed a CIMT. This portion of Ahmad's petition for review is denied.

As Ahmad committed a CIMT, the review preclusion provisions of 8 U.S.C. § 1252 apply. *See Smalley*, 354 F.3d at 335-39. Ahmad argues, without any specific allegation of error, that he is eligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h). We do not have jurisdiction to review discretionary

determinations related to an application for a waiver of inadmissibility under § 1182(h). *Cabral v. Holder*, 632 F.3d 886, 889 (5th Cir. 2011). As Ahmad has raised no legal or constitutional questions, this portion of Ahmad's petition for review is dismissed for lack of jurisdiction.

Ahmad argues that he is eligible for cancellation of removal under 8 U.S.C. § 1229b. "A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." § 1252(d)(1). To satisfy the exhaustion requirement of § 1252(d)(1), a petitioner must fairly present an issue to the BIA. *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010). Compliance with § 1252(d)'s exhaustion requirement is mandatory and jurisdictional. *Omari v. Holder*, 562 F.3d 314, 318, 324-25 (5th Cir. 2009). The record shows that he did not present this issue to the BIA. This portion of Ahmad's petition for review is dismissed for lack of jurisdiction. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

The respondent's motion to dismiss is denied as unnecessary.

PETITION DENIED IN PART; DISMISSED IN PART; MOTION DENIED.