**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0927n.06

No. 10-3914

FILED
*Aug 21, 2012*
LEONARD GREEN, Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| HALIT METHASANI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE:  KEITH, BOGGS, and MOORE, Circuit Judges.

PER CURIAM.  Halit Methasani petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of his motion to reopen his removal proceedings.  Methasani has moved for leave to proceed in forma pauperis.

Methasani is a native and citizen of Albania.  On March 14, 1991, he was admitted to the United States as a refugee.  In May 1992, Methasani was convicted of retail fraud in Michigan.  In October 1992, he became a lawful permanent resident, retroactive to his admission as a refugee.  In June 1996, and again in June 2001, Methasani was convicted of retail fraud.  On an unspecified date, he voluntarily departed the United States.  He returned in August 2001.

In 2009, the Department of Homeland Security commenced removal proceedings against Methasani because he had been convicted of at least two crimes involving moral turpitude.  Following a hearing, the IJ granted Methasani's request for voluntary departure.  Methasani subsequently moved to reopen his removal proceedings, arguing, among other things, that his former

counsel rendered ineffective assistance by failing to seek cancellation of removal. Methasani asserted that he was entitled to cancellation of removal for two reasons: (1) the "stop-time" provision set forth in 8 U.S.C. § 1229b(d)(1)[1] (enacted in 1996) did not apply retroactively to his crimes committed before the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA); and (2) he accrued the required period of continuous residence between 2001 (either his last conviction or reentry into the country) and the initiation of removal proceedings in 2009. The IJ denied the motion, concluding that the stop-time provision applied retroactively, that Methasani's ability to establish continuous residence ceased at the time of his 1996 commission of retail fraud, and that he failed to establish prejudice from counsel's alleged errors. Methasani moved for reconsideration, reasserting that he was eligible for cancellation of removal. The IJ denied the motion, and the BIA dismissed Methasani's appeal, concluding that the IJ properly determined that the stop-time provision applied retroactively and that Methasani could not establish the required period of continuous residence.

---

[1]Methasani's argument aims at achieving cancellation of his removal from the United States by proving that he has continuously resided in the country for seven years or more. The Attorney General "may cancel removal in the case of an alien who is inadmissable or deportable . . . if the alien . . . has resided in the United States continuously for seven years after having been admitted in any status." 8 U.S.C. § 1229b(a)(2). The "stop-time" provision, however, operates to "stop" an alien's term of continuous residence in the United States if the alien commits certain acts, even if the alien continues to physically reside in the country. The provision states:

> [A]ny period of continuous residence or continuous physical presence in the United States shall be deemed to end (A) except in the case of an alien who applies for cancellation of removal [under the provision pertaining to a battered spouse or child], when the alien is served a notice to appear under section 1229(a) of this title, or (B) when the alien has committed an offense referred to in section 1182(a)(2) of this title [which includes crimes involving moral turpitude] that renders the alien inadmissable to the United States under section 1182(a)(2) . . . .

8 U.S.C. § 1229b(d)(1).

In his petition for review, Methasani asserts that the IJ and BIA made several errors in adjudicating his case: (1) the BIA erred by concluding that his presence in the United States from his 2001 reentry to the initiation of removal proceedings in 2009 was insufficient to establish the period of continuous residence required for cancellation of removal; (2) the BIA erred by applying the stop-time provision of § 1229b(d)(1) retroactively to his crimes committed before the effective date of the IIRIRA; (3) the IJ erred by failing to inform him that he may be eligible for relief under 8 U.S.C. § 1182(h), as required by 8 C.F.R. § 1240.11(a)(2); and (4) his counsel rendered ineffective assistance by failing to seek cancellation of removal and relief under § 1182(h).

"Where the BIA provides its own reasoning for denying a motion to reopen rather than summarily affirming the IJ, we review the BIA's decision as the final agency determination." *Sanchez v. Holder*, 627 F.3d 226, 230 (6th Cir. 2010). Our review is conducted under the abuse-of-discretion standard. *Id.* Legal determinations made by the BIA are reviewed de novo. *Acquaah v. Holder*, 589 F.3d 332, 334 (6th Cir. 2009).

The BIA did not err when it affirmed the IJ's denial of Methasani's motion to reopen. This circuit has already held that the stop-time provision applies retroactively with regard to show-cause orders served prior to IIRIRA's enactment. *Bartoszewska-Zajac v. I.N.S.*, 237 F.3d 710, 712–13 (6th Cir. 2001). Similarly, and in keeping with other circuits, we now hold that the stop-time provision of § 1229b(d) applies retroactively to criminal conduct that occurred before the enactment of the IIRIRA. *See Contreras-Bocanegra v. Holder*, 376 F. App'x 817, 823 (10th Cir. 2010); *Martinez v. I.N.S.*, 523 F.3d 365, 373 (2d Cir. 2008), *cert. denied*, *Zuluaga-Matrinez v. I.N.S.*, 555 U.S. 1170

(2009); *Briseno-Flores v. Attorney Gen. of U.S.*, 492 F.3d 226, 230-31 (3d Cir. 2007); *Heaven v.*

*Gonzales*, 473 F.3d 167, 174-76 (5th Cir. 2006).[2]

Therefore, Methasani's ability to establish the period of continuous residence necessary for

cancellation of removal ended in 1996, when he committed retail fraud. *See* 8 U.S.C.

§§ 1227(a)(2)(A)(ii), 1229b(d)(1)(B). No new period of continuous residence could begin thereafter.

*Cassilas-Figueroa v. Gonzales*, 419 F.3d 447, 450 (6th Cir. 2005). Finally, we lack jurisdiction over

Methasani's claim that the IJ erred by failing to inform him that he may be eligible for relief under

8 U.S.C. § 1182(h). *See Al-Najar v. Mukasey*, 515 F.3d 708, 717 (6th Cir. 2008).

---

[2] Methasani argues that the Supreme Court's recent decision in *Vartelas v. Holder*, 132 S. Ct. 1479 (2012), prohibits the retroactive application of the stop-time provision. We disagree. *Vartelas* held that a provision of IIRIRA, 8 U.S.C. § 1101(a)(13)(C)(v), which dealt with the effect of international travel on an alien's resident status in the U.S., did not apply retroactively. The Court held that to allow this provision to apply retroactively "attached a new disability (denial of reentry) in respect to past events." *Id.* at 1484. The Court noted that, prior to IIRIRA, "lawful permanent residents who had committed a crime of moral turpitude could . . . return from brief trips abroad without applying for admission to the United States." *Id.* at 1485. Under § 1101(a)(13)(C)(v), however, the right to travel was restricted because such a resident was now "subject to admissions procedures, and, potentially, to removal" upon reentry to the United States, effecting a "ban on travel outside the United States." *Id.* at 1487 ("Loss of the ability to travel abroad is itself a harsh penalty, made all the more devastating if it means enduring separation from close family members living abroad.").

Our case is distinct from *Vartelas*. First and most obviously, the two cases deal with different provisions of IIRIRA. Further, and more importantly, the IIRIRA stop-time provision, § 1229b(d)(1), does not, unlike the provision addressed in *Vartelas,* § 1101(a)(13)(C)(v), impose a "new disability" on Methasani. The stop-time provision imposes no requirement that the alien take any affirmative actions, such as reapplying for admission when returning from travel. It merely sets a date for which continuous residence in the United States is deemed to end—the date on which the alien commits a crime of moral turpitude. Methasani has been deportable since the time he committed the offense. This is not a "new disability" within the meaning of *Vartelas*.

Accordingly, we grant Methasani's motion to proceed in forma pauperis for the purpose of this review only and deny his petition for review. We also deny Methasani's motion for telephonic oral argument.

   **KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** I concur in

the judgment denying Methasani's petition for review.