United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-60456

_____

CARLOS A. FUENTES-CRUZ,

Petitioner,

v.

ALBERTO R. GONZALES, Attorney General of the United States,

Respondent.

_____

ON PETITION FOR REVIEW FROM A FINAL ORDER OF
THE BOARD OF IMMIGRATION APPEALS

_____

Before HIGGINBOTHAM, DAVIS and WIENER, Circuit Judges.

PER CURIAM:

Carlos A. Fuentes-Cruz ("Fuentes-Cruz") seeks review of an order by the Board of Immigration Appeals ("BIA") denying his cancellation of removal application. We agree with the Immigration Judge ("IJ") and the BIA that Fuentes-Cruz's conviction of the Texas offense of Unlawful Transport under TEX. PENAL CODE ANN. § 20.05 is a crime involving moral turpitude. We therefore dismiss Fuentes-Cruz's petition for review.

**I.  Facts and Procedure**

Fuentes-Cruz, a native and citizen of El Salvador, has resided in the United States since January 1990 when he entered without inspection. He is married and has three children, all of whom are U.S. citizens.

In April 2004 Fuentes-Cruz was arrested for unlawful transport of individuals under § 20.05, and in August 2004 he pleaded guilty to the charge. Thereafter, the U.S. Immigration & Customs Enforcement ("ICE") agency initiated removal proceedings against Fuentes-Cruz. At his removal hearing, he conceded that he is removable for not having been admitted or paroled in the U.S., but requested cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). The IJ found that Fuentes-Cruz was eligible for consideration of the special-rule cancellation of removal, but denied cancellation as a matter of law because unlawful transport was a crime involving moral turpitude. The BIA affirmed the ruling of the IJ.

Fuentes-Cruz argues that unlawful transport is not a crime involving moral turpitude because it lacks the requisite mental state requirement.

## II. Standard of Review

This Court has applied a two-part standard of review to the BIA's conclusion that an alien has committed a crime involving

2

moral turpitude. First, we accord substantial deference to the BIA's definition of the term "moral turpitude." Second, we review *de novo* whether the elements of the offense fit the BIA's definition of a crime involving moral turpitude. Importantly, this two-step approach provides both consistency concerning the meaning of moral turpitude and a proper regard for the BIA's administrative role-interpretation of federal immigration laws, not state and federal criminal statutes. Smalley v. Ashcroft, 354 F.3d 332, 335-336 (5th Cir. 2003). If this court finds the crime the alien was convicted of is a crime involving moral turpitude, the court does not have jurisdiction to review the BIA removal order under 8 U.S.C. § 1252(a)(2)(c).

## III. Discussion

Under the Immigration and Naturalization Act ("INA"), "[a]ny alien who is convicted of a crime involving moral turpitude" is deportable. 8 U.S.C. § 1227(a)(2)(A)(i)(I). The INA does not define a crime involving moral turpitude, but leaves interpretation to the BIA and federal courts. Smalley, 354 F.3d at 335. The BIA in Hamdan v. INS, 98 F.3d 183, 186 (5th Cir. 1996) defined moral turpitude as follows:

> Moral turpitude refers generally to conduct that shocks the public conscience as being inherently base, vile, or depraved, and contrary to the appreciated rules of morality and the duties owed between persons or to society in

3

general. Moral turpitude has been defined as an act which is per se morally reprehensible and intrinsically wrong, or malum in se, so it is the nature of the act itself and not the statutory prohibition of it which renders a crime one of moral turpitude. Among the tests to determine if a crime involves moral turpitude is whether the act is accompanied by a vicious motive or a corrupt mind. (internal citations omitted)

The Petitioner asserts that absent a mental state such as evil intent, fraudulent intent, vicious motive, or corrupt mind, an offense cannot be classified as a crime involving moral turpitude. Assuming, *arguendo*, that such a requirement exists, we find this requirement is met in § 20.05 of the Texas Penal Code. Sec. 20.05 states that a person commits an unlawful transport if for pecuniary benefit he transports an individual in a manner that:

(1) *is designed to conceal* the individual from local, state, or federal law enforcement authorities; and
(2) creates a substantial likelihood that the individual will suffer serious bodily injury or death. (emphasis added)

To convict a defendant of this offense requires proof that he designed a method to transport individuals so as to conceal them from law enforcement authorities. Such proof necessarily requires evidence of a fraudulent intent. By pleading guilty to the charge of unlawful transport, Petitioner admitted that he knowingly, or intentionally, designed the manner he transported

4

the individuals to conceal them from law enforcement authorities, thereby intending to deceive such authorities.

This Court has repeatedly held that crimes including an element of intentional deception are crimes involving moral turpitude. *See* Omagah v. Ashcroft, 288 F.3d 254, 260 (5th Cir. 2002) (conspiracy to obtain, possess and use illegal immigration documents is a crime involving moral turpitude); Pichardo v. INS, 104 F.3d 756, 760 (5th Cir. 1997) (aggravated assault is a crime involving moral turpitude); Okabe v. INS, 671 F.2d 863, 865 (5th Cir. 1982) (bribery is a crime involving moral turpitude). The BIA has similarly stated that "[w]here knowing or intentional conduct is an element of a morally reprehensible offense, we have found moral turpitude to be present." In re Phong Nguyen Tran, 21 I. & N. Dec. 291, 293 (BIA 1996).

In employing the "categorical approach," when determining if a particular law meets the definition of moral turpitude, we focus "on the inherent nature of the crime, as defined in the statute..., rather than the circumstances surrounding the particular transgression." Amouzadeh, 467 F.3d at 455. As § 20.05 requires proof of intent to conceal from law enforcement authorities, the offense of unlawful transport is a crime involving moral turpitude. Because the BIA correctly concluded

5

that Petitioner was convicted of a crime involving moral turpitude, we do not have jurisdiction to review its removal order. 8 U.S.C. § 1252(a)(2)(c).

The Petition for Review is DISMISSED.

6