## In re Liber Remberto SEJAS, Respondent

File A91 540 618 - Arlington

*Decided July 25, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The offense of assault and battery against a family or household member in violation of section 18.2-57.2 of the Virginia Code is not categorically a crime involving moral turpitude.

FOR RESPONDENT: Ivan Yacub, Esquire, Falls Church, Virginia

FOR THE DEPARTMENT OF HOMELAND SECURITY: Rook Moore, Assistant Chief Counsel

BEFORE: Board Panel: OSUNA, Acting Chairman; FILPPU and PAULEY, Board Members.

OSUNA, Acting Chairman:

In a decision dated November 2, 2005, the Immigration Judge found the respondent removable and denied his application for cancellation of removal as a lawful permanent resident under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (2000). The respondent has appealed from that decision. The appeal will be sustained.

The respondent is a native and citizen of Bolivia who was admitted to the United States as a lawful permanent resident in 1990. In April 2003, removal proceedings were initiated against the respondent, charging him with inadmissibility under section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2000), based on two criminal convictions in 1996 and 2000 for assault and battery against his wife in violation of section 18.2-57.2 of the Virginia Code. A person is guilty of violating section 18.2-57.2 of the Virginia Code if he or she "commits an assault and battery against a family or household member." According to section 16.1-228 of the Virginia Code, a "[f]amily or household member" includes "the person's spouse, whether or not he or she resides in the same home with the person."

The Immigration Judge found that the respondent's two assault and battery convictions were for crimes involving moral turpitude, which rendered him inadmissible under section 212(a)(2)(A)(i)(I) of the Act. The Immigration Judge denied the respondent's application for cancellation of removal after determining that the respondent did not merit a grant of relief in

the exercise of discretion. On appeal, the respondent argues that he is not inadmissible as charged because his convictions for assault and battery against a family or household member under section 18.2-57.2 of the Virginia Code are not crimes involving moral turpitude.

Generally, a crime involves "moral turpitude" if it is "inherently base, vile, or depraved, and contrary to accepted rules of morality and the duties owed between persons or to society in general." *Matter of Olquin*, 23 I&N Dec. 896, 896 (BIA 2006) (citing *Matter of Torres-Varela*, 23 I&N Dec. 78 (BIA 2001)). In determining whether a crime is one involving moral turpitude, we must look to the elements of the statute. *See Matter of Torres-Varela*, *supra*, at 84-85. Our determination is necessarily driven "'by the statutory definition or by the nature of the crime not by the specific conduct that resulted in the conviction.'" *Id.* at 84 (quoting *McNaughton v. INS*, 612 F.2d 457, 459 (9th Cir. 1980)). If necessary, we also seek guidance from court decisions in the convicting jurisdiction. *See Matter of Sanudo*, 23 I&N Dec. 968, 970-71 (BIA 2006).

Neither the seriousness of a criminal offense, nor the severity of the sentence imposed is determinative of whether a crime involves moral turpitude. *Matter of Serna*, 20 I&N Dec. 579, 581 (BIA 1992). Although as a general rule, a simple assault and battery offense does not involve moral turpitude, an aggravating factor can alter our determination. *See, e.g.*, *Yousefi v. U.S. INS*, 260 F.3d 318, 326-27 (4th Cir. 2001); *Matter of Fualaau,* 21 I&N Dec. 475 (BIA 1996); *Matter of Danesh*, 19 I&N Dec. 669 (BIA 1988). Assault and battery offenses requiring the "*intentional* infliction of *serious* bodily injury on another have been held to involve moral turpitude because such intentionally injurious conduct reflects a level of immorality that is greater than that associated with a simple offensive touching." *Matter of Sanudo*, *supra*, at 971.

In *Matter of Tran*, 21 I&N Dec. 291, 294 (BIA 1996), we held that the willful infliction of corporal injury on "a person with whom one has . . . a familial relationship is an act of depravity which is contrary to accepted moral standards." The statute at issue there required the willful infliction of "'corporal injury resulting in a traumatic condition'" upon the perpetrator's spouse, a person with whom he or she was cohabiting, or the mother or father of his or her child. *Id.* at 292 (quoting section 273.5(a) of the California Penal Code). We concluded that the crime was one involving moral turpitude.

In *Matter of Sanudo*, *supra*, at 973, we examined the California crime of domestic battery and found that unlike the statute in *Matter of Tran*, there was no requirement that there be "actual or intended physical harm to the victim." The offense at issue involved nothing "more than the minimal nonviolent 'touching' necessary to constitute" the battery offense. *Id.* at 972-73. As we explained, we have found moral turpitude in general assault and battery offenses when the offense "necessarily involved the *intentional* infliction of *serious* bodily injury." *Id.* at 971. We concluded that an intentional touching

of a domestic partner without causing or intending to cause physical injury does not involve moral turpitude. *Id.* at 972-73; *see also Galeana-Mendoza v. Gonzales*, 465 F.3d 1054, 1055, 1061-62 (9th Cir. 2006) (approving our decision in *Matter of Sanudo* in finding that a violation of section 243(e) of the California Penal Code does not qualify categorically as a crime involving moral turpitude).

A conviction for assault and battery in Virginia does not require the actual infliction of physical injury and may include any touching, however slight. *See Adams v. Commonwealth*, 534 S.E.2d 347, 351 (Va. App. 2000) ("In Virginia, it is abundantly clear that a perpetrator need not inflict a physical injury to commit a battery."). While the Virginia law of assault and battery requires an intent or imputed intent to cause injury, "'the intended injury may be to the feelings or mind, as well as to the corporeal person.'" *Wood v. Commonwealth*, 140 S.E. 114, 115 (Va. 1927) (quoting 2 Am. & Eng. Ency. L. 953, 955); *see also Lynch v. Commonwealth*, 109 S.E. 427 (Va. 1921). Although some decisions have referred to an intent to do "bodily harm," that term has been broadly construed to include offensive touching. *See, e.g.*, *Gilbert v. Commonwealth*, 608 S.E.2d 509, 511 (Va. App. 2005) (stating that the requisite harm under the Virginia assault and battery statutes can include the "'slightest touching . . . in a rude, insolent, or angry manner'" (quoting *Crosswhite v. Barnes*, 124 S.E. 242, 244 (Va. 1924))). We therefore find, in concert with *Matter of Sanudo*, that the offense of assault and battery against a family or household member in violation of section 18.2-57.2 of the Virginia Code is not categorically a crime involving moral turpitude.

The record of conviction in this case, which includes a certified copy of the warrant of arrest, the plea, and the judgment, does not offer any specific facts regarding the conviction. Consulting the conviction documents could therefore provide no information that would lead us to conclude that the respondent was convicted under elements of the Virginia statute that would constitute a crime involving moral turpitude. For this reason, we need not decide whether the statute is divisible or whether we should employ the modified categorical approach, because the result would be the same. *See Matter of Ajami*, 22 I&N Dec. 949, 950 (BIA 1999); *Matter of Short*, 20 I&N Dec. 136, 137-38 (BIA 1989).

In conclusion, we find that the respondent's convictions for assault and battery against a family or household member in violation of section 18.2-57.2 of the Virginia Code were not for crimes involving moral turpitude. We therefore find that the respondent is not inadmissible. Accordingly, the respondent's appeal will be sustained.

**ORDER:** The appeal is sustained, and the removal proceedings are terminated.