SUMMARY ORDER

Petitioners Syed Iqbal Ahmed, Javairia Ahmed, and Romana Ahmed, natives and citizens of Pakistan, seek review of a January 15, 2008 decision of the BIA affirming the April 11, 2006 decision of an Immigration Judge denying their applications for cancellation of removal under section 240A(b)(l) of the Immigration and Nationality Act (“INA”), 8 U.S.C. § 1229b(b)(l) or voluntary departure under section 240B(b) of the Act, 8 U.S.C. § 1229c(b). We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
We are not persuaded that Syed Iqbal Ahmed’s conviction under 42 U.S.C. § 408(a)(7)(B) is of a crime involving moral turpitude. Most of the clauses of § 408(a)(7) involve an intent to disrupt a governmental function or to receive a ben *84 efit to which the person is not entitled, and we assume for this decision that the offenses defined by those clauses are crimes involving moral turpitude. See Rodriguez v. Gonzales, 451 F.3d 60, 64 (2d Cir.2006) (per curiam) (holding fraud or deceit with “intent to impair the efficiency and lawful functioning of the government” sufficient to categorize a crime as involving moral turpitude). But Ahmed pled guilty pursuant to a plea agreement that charged that he falsely represented a social security number to be the one assigned to him by the Commissioner of Social Security, with the intent to deceive, and that he did so “[f]or any purpose.” Under the modified categorical approach applicable in this Circuit, that indicates that Ahmed was convicted under the clause of § 408(a)(7) addressing the use of a false social security number “for any other purpose.” 42 U.S.C. § 408(a)(7)(B). The essential elements of his crime, therefore, were the false representation of a number as his social security number, and the intent to deceive.
The intent to deceive is not equivalent to the intent to defraud, which generally requires an intent to obtain some benefit or cause a detriment. See Mikes v. Straus, 274 F.3d 687, 696 (2d Cir.2001) (defining “fraud” in context of False Claims Act). There are many situations in which a person may have the intent to deceive without having the intent to defraud. For instance, a homeowner who, for the purpose of deterring burglaries, intentionally deceives passersby regarding the presence of an alarm system is not acting with the intent to defraud. Similarly, a person who secures employment on the basis of a false social security number has the intent to deceive the employer and violates § 408(a)(7)(B), but has not necessarily acted with the intent to defraud the employer or the government. For this reason, Ahmed’s case is distinguishable from the many cases holding crimes of fraud to be crimes involving moral turpitude. See generally, e.g., Jordan v. De George, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951). It also is distinguishable from cases involving the impairment of governmental services, e.g., Rodriguez, 451 F.3d at 63, because Ahmed’s crime was misrepresenting his social security number “for any ... purpose,” 42 U.S.C. § 408(a)(7), and did not necessarily impair any governmental services.
Moreover, as we noted in Rodriguez, the BIA has construed “moral turpitude” to encompass “conduct that shocks the public conscience as being inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general.” Rodriguez, 451 F.3d at 63 (quoting Hamdan v. INS, 98 F.3d 183, 186 (5th Cir.1996) (citations omitted)). We cannot say that Ahmed’s act of misrepresenting a number as his social security number, “for any ... purpose,” rises to that level. Accordingly, we GRANT the petition for review with respect to the agency’s finding that Syed Iqbal Ahmed had been convicted of a crime involving moral turpitude, and VACATE that finding.
We REMAND to the agency to determine, if it chooses to rely upon this ground of removal, whether “moral turpitude” should be construed to encompass any crime that includes intentional deception as an element.
The BIA and IJ both also denied relief for the independent reason that the petitioners lacked “good moral character.” The petitioners’ brief addresses this determination with only two conclusory sentences, which are insufficient to preserve the issue for our review. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005) (finding issues not sufficient *85 ly argued in briefs will be considered waived and not addressed on appeal). Accordingly, we DENY the petition for review with respect to the finding that the petitioners lacked good moral character.
For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, and the matter is REMANDED to the agency to consider whether “moral turpitude” should be construed to encompass any crime that includes intentional deception as an element, should it choose to rely upon that ground for removal notwithstanding our other holdings. As we have completed our review, the petitioners’ pending motion for a stay of removal in this petition is DISMISSED as moot.