[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11994
Non-Argument Calendar
_____

D. C. Docket No. A097-379-781

JESUS MORENO-SILVA,
a.k.a. Manuel De los Reyes

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____
(July 24, 2012)

Before HULL, EDMONDSON and BLACK, Circuit Judges.


PER CURIAM:

Jesus Moreno-Silva, a native and citizen of Mexico, petitions for review of

the order of the Board of Immigration Appeals ("BIA") affirming the Immigration

Judge's ("IJ's") denial of cancellation of removal.  No reversible error has been

shown; we deny the petition.

Moreno-Silva entered the United States without inspection.  In 2006 -- after

the Department of Homeland Security charged him as removable -- Moreno-Silva

filed an application for cancellation of removal and adjustment of status.  In

support of his application, he argued that his United States citizen wife and

children would experience exceptional hardship if he was removed to Mexico.

The IJ denied Moreno-Silva's application, concluding that -- although he

had established that his family would suffer exceptional hardship -- his 2005

conviction for fraudulent use of a social security number, 42 U.S.C.

§ 408(a)(7)(B), constituted a crime involving moral turpitude, rendering him

ineligible for a grant of cancellation of removal under 8 U.S.C. § 1229b(b)(1).[1]

The BIA affirmed, concluding that a violation of section 408(a)(7)(B) is

---

[1]Under U.S.C. § 1229b(b)(1), the Attorney General has discretion to cancel the removal of a non-permanent resident who establishes these four things: (1) he has had continuous physical presence in the United States for ten years; (2) he has been a person of good moral character during those ten years; (3) he has not been convicted of one of several specified offenses; and (4) his citizen spouse or child will suffer "exceptional and extremely unusual" hardship as a result of his removal.  A person fails to establish that he is a person of good moral character if he has been convicted a of a crime involving moral turpitude.  See 8 U.S.C. §§ 1101(f)(3); 1182(a)(2)(A).

categorically a crime involving moral turpitude because it involves deception and dishonesty as essential elements.[2]

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision.  See Hernandez v. U. S. Att'y Gen., 513 F.3d 1336, 1338-39 (11th Cir. 2008) (noting that "[w]hen the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision.").  When an alien seeking review of a removal order has been convicted of a crime involving moral turpitude, our jurisdiction to review the petition is limited to review of constitutional claims or questions of law.  See 8 U.S.C. § 1252(a)(2)(C), (D).  Although we review whether a crime involves moral turpitude -- and other questions of law -- de novo, we will defer to the BIA's interpretation if it is reasonable.  Sosa-Martinez v. U.S. Att'y Gen., 420 F.3d 1338, 1341 n.2 (11th Cir. 2005).

A crime of moral turpitude involves "'an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man.'"  Id. at 1341.  To determine whether a petitioner's

---

[2]One BIA member dissented, arguing that an offense under section 408(a)(7)(B) was not categorically a crime involving moral turpitude.

conviction constitutes a crime involving moral turpitude, we look to "the inherent nature of the offense, as defined in the relevant statute, rather than the circumstances surrounding a defendant's particular conduct." Itani v. Ashcroft, 298 F.3d 1213, 1215-16 (11th Cir. 2002). Crimes involving dishonesty or false statement are considered generally to involve moral turpitude. Id. at 1215.

> Section 408(a)(7)(B) provides that a person commits a felony when he for the purpose of obtaining . . . any other benefit to which he . . . is not entitled, . . . or for any other purpose -- . . .
>
> (B) with intent to deceive, falsely represents a number to be the social security account number assigned by the Commissioner of Social Security to him . . . , when in fact such number is not the social security account number assigned by the Commission of Social Security to him . . . .

Thus, the essential elements of Moreno-Silva's offense "are (1) false representation of a Social Security number, (2) with intent to deceive, (3) for any purpose." United States v. Harris, 376 F.3d 1282, 1291 (11th Cir. 2004). Because Moreno-Silva's offense involved both dishonesty and the making of a false statement, the BIA's interpretation of that crime as one involving moral turpitude is reasonable. See Itani, 298 F.3d at 1215.

PETITION DENIED.

4