# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2014

Lyle W. Cayce
Clerk

No. 13-60446

SALVADOR CISNEROS-GUERRERRO, also known as Salvador Cisneros
Guerrero, also known as Salvador Cisnerosguerro,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before KING, GRAVES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Proceeding *pro se*, Salvador Cisneros-Guerrerro, a native and citizen of
Mexico, petitions for review of a decision of the Board of Immigration Appeals
finding that his prior offense of public lewdness, under Texas Penal Code
§ 21.07, was categorically a crime involving moral turpitude and that he was
therefore ineligible for cancellation of removal under § 240A(b)(1) of the
Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1). We GRANT Cisneros-
Guerrerro's petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Salvador Cisneros-Guerrerro ("Cisneros") was charged in
2010 with being subject to removal from the United States. Cisneros conceded

that he was removable for having entered the United States without inspection, in violation of § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i). In May 2012, Cisneros appeared before an Immigration Judge ("IJ") and requested relief in the form of cancellation of removal under § 240A(b)(1) of the INA, 8 U.S.C. § 1229b(b)(1). Cisneros submitted to the IJ a judgment reflecting that on January 11, 2006, he pleaded nolo contendere to public lewdness under Texas Penal Code § 21.07, a Class A misdemeanor offense,[1] and was sentenced to ten days in jail. The IJ determined that Cisneros had failed to meet his burden of showing he was eligible for relief because he had been convicted of a crime involving moral turpitude ("CIMT"). The IJ denied Cisneros's request for a continuance so that he could produce the charging instrument to show that his public lewdness conviction did not involve moral turpitude. The IJ explained that because an offense under Texas Penal Code § 21.07 was categorically a CIMT, it was unnecessary to examine Cisneros's record of conviction. The IJ then pretermitted Cisneros's application for cancellation of removal.

Cisneros appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), arguing that "public lewdness involves a wide range of behaviors," including both turpitudinous and non-turpitudinous conduct. In support of his position, Cisneros cited the Attorney General's decision in *Matter of Silva-Trevino*, 24 I. & N. Dec. 687 (A.G. 2008), which concluded that the Texas offense of indecency with a child, Tex. Penal Code Ann. § 21.11(a)(1), was not categorically a CIMT. The BIA affirmed the IJ's decision in a brief, unpublished decision, concluding that the offense of public lewdness "constitutes a categorical crime involving moral turpitude." Relying in part on

---

[1] A Class A misdemeanor offense is punishable by a fine of up to $4,000, a jail term "not to exceed one year," or both. Tex. Penal Code Ann. § 12.21.

No. 13-60446

its previous decision in *Matter of Medina*, 26 I. & N. Dec. 79 (BIA 2013), which addressed California's indecent exposure statute, the BIA explained that "[a]fter comparing the statute of conviction to the generic definition of moral turpitude, we are convinced that the statute bans only actions that involve moral turpitude."

**DISCUSSION**

We begin by briefly addressing the legal framework applicable to Cisneros's claim for relief. Section 240A(b)(1) of the INA, 8 U.S.C. § 1229b(b)(1), provides in relevant part that the "Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States," if certain legal conditions are met. An alien who has been convicted of a "crime involving moral turpitude," however, is ineligible for cancellation of removal if, among other things, under the statute of conviction, "a sentence of one year or longer may be imposed." 8 U.S.C. § 1227(a)(2)(A)(i)(I), (II); *see also id*. § 1229b(b)(1)(C) (stating, in relevant part, that an alien is only eligible for cancellation of removal if he "has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title").

The INA "does not define the term moral turpitude," and legislative history provides us with little guidance as to Congress's intent. *Rodriguez-Castro v. Gonzales*, 427 F.3d 316, 319–20 (5th Cir. 2005) (internal quotation marks and citation omitted). Accordingly, we have concluded that "Congress left the interpretation of this provision to the BIA and interpretation of its application to state and federal laws to the federal courts." *Id*. at 320. The BIA has construed "moral turpitude" to refer to conduct that is "inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general." *In re Sejas*, 24 I. & N. Dec. 236,

237 (BIA 2007) (internal quotation marks and citation omitted); *see also Garcia-Maldonado v. Gonzales*, 491 F.3d 284, 288 (5th Cir. 2007) ("Moral turpitude refers generally to conduct that shocks the public conscience as being inherently base, vile, or depraved . . . ."). "We give *Chevron* deference to the BIA's interpretation of the term 'moral turpitude' and its guidance on the general categories of offenses which constitute CIMTs, but we review *de novo* the BIA's determination of whether a particular state or federal crime qualifies as a CIMT." *Esparza-Rodriguez v. Holder*, 699 F.3d 821, 823–24 (5th Cir. 2012).

In deciding whether a particular state or federal crime is a CIMT, we perform a two-step test. First, we apply the categorical approach to "assess[] whether 'the minimum reading of the statute necessarily reaches only offenses involving moral turpitude.'" *Id.* at 825 (quoting *Amouzadeh v. Winfrey*, 467 F.3d 451, 454–55 (5th Cir. 2006)).[2] If so, we end our inquiry there. *Id.* "If, however, the statute has multiple subsections or an element phrased in the disjunctive, such that some violations of the statute would involve moral turpitude and others not, we apply the modified categorical approach . . . ." *Id.* Under that approach, we examine the record of conviction to determine whether the alien was convicted under a part of the statute that describes a

---

[2] The Government argues that we should defer to the categorical analysis set forth by the Attorney General, which asks "whether there is a 'realistic probability, not a theoretical possibility,' that the State or Federal criminal statute pursuant to which the alien was convicted would be applied to reach conduct that does not involve moral turpitude." *Matter of Silva-Trevino*, 24 I. & N. Dec. 687, 689–90 (A.G. 2008) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). However, our circuit has continued to follow *Amouzadeh*'s "minimum reading" test in the CIMT categorical analysis even after *Silva-Trevino*. *See Esparza-Rodriguez*, 699 F.3d at 825. We here follow circuit precedent and leave for another day the question of whether to adopt the "realistic probability" test in the CIMT context.

crime involving moral turpitude. *Id.*; *Nino v. Holder*, 690 F.3d 691, 694 (5th Cir. 2012).[3]

In his petition for review, Cisneros argues that the IJ and BIA erred in concluding that he had been convicted of a CIMT under the categorical approach. According to Cisneros, the IJ and BIA should have applied the modified categorical approach to determine whether his prior offense was a CIMT.

Under *Esparza-Rodriguez*, we first examine whether Texas's public lewdness statute, Tex. Penal Code Ann. § 21.07, reaches conduct that does not involve "moral turpitude," within the language of the INA. This is an issue of first impression. Section 21.07(a) provides that:

> A person commits an offense if he knowingly engages in any of the following acts in a public place or, if not in a public place, he is reckless about whether another is present who will be offended or alarmed by his:
>
> (1) act of sexual intercourse;
>
> (2) act of deviate sexual intercourse;
>
> (3) act of sexual contact; or
>
> (4) act involving contact between the person's mouth or genitals and the anus or genitals of an animal or fowl.

Tex. Penal Code Ann. § 21.07(a). "Sexual contact" is defined, in relevant part, as "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." *Id.* § 21.01(2).

---

[3] In addition to the two steps described here, the Attorney General's decision in *Matter of Silva–Trevino* provided for a third step to be used in determining whether a conviction is for a CIMT. We recently rejected this third step, however, as "inconsistent with the unambiguous language of the relevant statutory provision." *Silva-Trevino v. Holder*, 742 F.3d 197, 198 (5th Cir. 2014).

Under its plain language, section 21.07 is divisible into at least one subsection that proscribes turpitudinous conduct and at least one subsection that proscribes non-turpitudinous conduct. Engaging in a public act involving contact between one's genitals and the genitals of a non-human animal, which violates subsection (a)(4), is "inherently base, vile, or depraved" and therefore turpitudinous. *See In re Sejas*, 24 I. & N. Dec. at 237; *In re: Applicant*, 2007 WL 5319055, at *5 (AAO Mar. 15, 2007). However, the statute, coupled with caselaw, proscribes inoffensive and ubiquitous conduct: the consensual touching of another person's breast, even if clothed, in public, "with intent to arouse or gratify the sexual desire of any person." Tex. Penal Code Ann. §§ 21.07(a)(3), 21.01(2); *Sanchez v. State*, No. 01-91-00817, 1992 WL 173591, at *2 (Tex. Ct. App. July 23, 1992) (unpublished opinion) (concluding that "touching the clothing covering [another person's] breast" in a movie theater constituted public lewdness under section 21.07, and noting that "[f]lesh to flesh contact is not necessary to prove sexual contact"); *see also Reynolds v. State*, 856 S.W.2d 547, 548 (Tex. Ct. App. 1993) (reviewing Reynolds's conviction under section 21.07 for touching another person's breasts with his chest, where there was no indication that the act was not consensual, but reversing and remanding for a new trial on the ground that certain evidence was improperly admitted); *Hines v. State*, 906 S.W.2d 518, 522 (Tex. Crim. App. 1995) (en banc) ("'It is assumed that the acts enumerated [in Section 21.07(a)(1)–(4)] are consensual type acts.'" (quoting 2 Branch's Tex. Ann. Penal Statutes (3d ed. 1974) (alteration in original)).

Such *de minimis* touching, even in public, may involve proscribed misdemeanor conduct, but, we hold, does not "shock[] the public conscience as being inherently base, vile, or depraved." *See Garcia-Maldonado*, 491 F.3d at 288. Our conclusion is supported by the Attorney General's discussion of the

Texas statute at issue in *Matter of Silva-Trevino*. That case considered the crime of "indecency with a child" under Texas Penal Code § 21.11(a)(1), which prohibits various forms of sexual contact with a child under 17 years old, including touching the child's breast, and requires that the defendant intend "to arouse or gratify the sexual desire of any person." Tex. Penal Code Ann. § 21.11(a)(1). The Attorney General concluded that a conviction under section 21.11(a)(1) is not *categorically* a CIMT because that statute penalizes even a defendant who reasonably believes that the child is older than 17. *See* 24 I. & N. at 707–08. Therefore, under the Attorney General's view, the intent to arouse or gratify sexual desire does not alone make conduct turpitudinous. Unlike the indecency statute at issue in *Matter of Silva-Trevino*, the Texas public lewdness statute, under which Cisneros was convicted, requires either that the conduct occur "in a public place," or else that the defendant "is reckless about whether another is present who will be offended or alarmed by his" conduct. Tex. Penal Code Ann. § 21.07. However, we find that the public nature of a *de minimis* touching, proscribed by section 21.07(a)(3), does not convert that conduct into an act of depravity that violates "accepted rules of morality." *See In re Sejas*, 24 I. & N. Dec. at 237.

In its decision dismissing Cisneros's appeal, the BIA cited *Matter of Medina*, 26 I. & N. Dec. 79 (BIA 2013), without explaining how that case supports its conclusion that public lewdness is categorically a CIMT. In *Matter of Medina*, the BIA held that the offense of indecent exposure under section 314(1) of the California Penal Code is categorically a CIMT. That section penalizes one who "willfully and lewdly . . . [e]xposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby." Cal. Penal Code § 314(1). The BIA held that "lewd intent brings the offense of indecent exposure within the

7

definition of a crime involving moral turpitude." *Matter of Medina*, 26 I. & N. Dec. at 83. The BIA cited a case from the California Supreme Court that defined "lewd" under section 314 as requiring that the actor "'intended by his conduct to direct public attention to his genitals for purposes of sexual arousal, gratification, or affront.'" *Id.* at 85 (quoting *In re Smith*, 497 P.2d 807, 810 (Cal. 1972)). The Texas offense of public lewdness, notwithstanding its title, is significantly different from the California offense of indecent exposure. The word "lewd" appears nowhere in the body of the statutory section defining the Texas offense, and the intent to "direct public attention to [one's] genitals" is not an element of that offense. *See In re Smith*, 497 P.2d at 810. The BIA's decision in *Matter of Medina* therefore does not support a conclusion that the Texas offense of public lewdness is categorically a CIMT.

Because section 21.07 is divisible into discrete subsections of turpitudinous acts and non-turpitudinous acts, Cisneros's offense under that statute is not categorically a CIMT. The IJ and BIA therefore erred in declining to review Cisneros's record of conviction, under the modified categorical approach, to determine whether Cisneros was convicted under a subsection that describes a CIMT. *See Esparza-Rodriguez*, 699 F.3d at 825.

## CONCLUSION

For the foregoing reasons, Cisneros's petition for review is GRANTED. We VACATE the BIA's decision and REMAND for further proceedings consistent with this opinion.