# Matter of Tomas MENDEZ, Respondent

*Decided February 23, 2018*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

 Misprision of felony in violation of 18 U.S.C. § 4 (2006) is categorically a crime involving moral turpitude. *Matter of Robles*, 24 I&N Dec. 22 (BIA 2006), reaffirmed. *Robles-Urrea v. Holder*, 678 F.3d 702 (9th Cir. 2012), followed in jurisdiction only.

FOR RESPONDENT: Andrew L. Friedman, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Sarah L. Martin, Associate Legal Advisor

BEFORE: Board Panel: PAULEY, GUENDELSBERGER, and MALPHRUS, Board Members.

PAULEY, Board Member:

In a decision dated July 21, 2016, an Immigration Judge found the respondent inadmissible as an alien convicted of a crime involving moral turpitude under section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2012). On the same day, she issued a second decision incorporating the finding of inadmissibility, pretermitting the respondent's application for cancellation of removal under section 240A(a) of the Act, 8 U.S.C. § 1229b(a) (2012), and ordering him removed from the United States. The respondent has appealed from that decision. The appeal will be dismissed.[1]

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of the Dominican Republic. The record reflects that he was admitted to the United States as a conditional permanent resident on January 28, 2004, and that the conditions of his residence were removed in 2006. On December 17, 2010, the respondent was convicted in the United States District Court for the District of Maryland

---

[1] We acknowledge and have considered the arguments submitted by the parties and amici curiae in response to our request for supplemental briefing.

of misprision of felony in violation of 18 U.S.C. § 4 (2006).[2]  After he sought admission to the country as a returning resident on March 31, 2016, the Department of Homeland Security ("DHS") initiated removal proceedings.

The Immigration Judge determined that the respondent's offense is a crime involving moral turpitude under section 212(a)(2)(A)(i)(I) of the Act, which terminated his period of continuous residence under section 240A(d) and rendered him ineligible for cancellation of removal.  She based her ruling on our precedent decision in *Matter of Robles*, 24 I&N Dec. 22 (BIA 2006), which held that misprision of felony under § 4 is categorically a crime involving moral turpitude.  In *Robles-Urrea v. Holder*, 678 F.3d 702 (9th Cir. 2012), the United States Court of Appeals for the Ninth Circuit rejected our holding.  The Immigration Judge determined that she was bound to follow Board precedent in the absence of contrary precedent from the Second Circuit, in whose jurisdiction this case arises.  The respondent challenges the Immigration Judge's determination that misprision of felony is a crime involving moral turpitude, and he urges us to reverse our holding in *Robles*.

Our 2006 decision in that case expressly followed the analysis of the Eleventh Circuit in *Itani v. Ashcroft*, 298 F.3d 1213 (11th Cir. 2002), which held that misprision of felony under § 4 is categorically a crime involving moral turpitude.  In 2015, the Second Circuit requested that we clarify our position in light of the split between the Ninth and Eleventh Circuits on this issue.  *Lugo v. Holder*, 783 F.3d 119, 120−21 (2d Cir. 2015).  We later clarified the framework for determining whether a conviction is for a crime involving moral turpitude in *Matter of Silva-Trevino*, 26 I&N Dec. 826 (BIA 2016).  Thereafter, the Fifth Circuit joined the Eleventh in concluding that a violation of § 4 is categorically a crime involving moral turpitude.  *Villegas-Sarabia v. Sessions*, 874 F.3d 871, 878−81 (5th Cir. 2017).

Given this circuit split and our clarification regarding crimes involving moral turpitude, we find it appropriate to revisit the question whether misprision of felony under § 4 is categorically a crime involving moral turpitude.[3]  For the following reasons, we conclude that it is and will reaffirm our holding in *Robles*.

---

[2]  The crime of misprision of felony is defined in 18 U.S.C. § 4 as follows:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

[3]  We did not resolve this issue in *Lugo* because the case was administratively closed after the Second Circuit rendered its decision.  Moreover, *Lugo* presented retroactivity issues that are not present here. *See Lugo*, 783 F.3d at 121−23 (remanding for consideration of the question of retroactivity).

## II. ANALYSIS

We have held that the categorical and modified categorical approaches provide the proper framework for determining whether a conviction is for a crime involving moral turpitude. *Matter of Silva-Trevino*, 26 I&N Dec. at 827, 831. Unless circuit law dictates otherwise, the realistic probability test, which focuses on the minimum conduct that has a realistic probability of being prosecuted under the statute of conviction, is applied in determining whether an offense is a categorical crime involving moral turpitude. *See id.* at 831−33; *see also Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013); *Efstathiadis v. Holder*, 752 F.3d 591, 595 (2d Cir. 2014) (noting that the focus is on "whether or not 'the minimum conduct criminalized by the statute' would support classification of a crime as a [crime involving moral turpitude]" (quoting *Moncrieffe*, 569 U.S. at 191)). If a violation of the statute of conviction is not categorically a crime involving moral turpitude, the next step is to determine whether the statute is divisible so that the modified categorical approach may be applied. *See Matter of Silva-Trevino*, 26 I&N Dec. at 833; *Matter of Chairez*, 26 I&N Dec. 819, 822 (2016).

Moral turpitude refers generally to conduct that is "inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general." *Mendez v. Mukasey*, 547 F.3d 345, 347 (2d Cir. 2008) (citation omitted); *see also Matter of Sejas*, 24 I&N Dec. 236, 237 (BIA 2007). Further, to involve moral turpitude, a crime requires both a culpable mental state and reprehensible conduct. *See, e.g.*, *Efstathiadis*, 752 F.3d at 595 ("[I]t is in the intent that moral turpitude inheres . . . ." (citation omitted)); *Matter of Silva-Trevino*, 26 I&N Dec. at 828 n.2; *Matter of Ortega-Lopez*, 26 I&N Dec. 99, 100 (BIA 2013).

Applying the framework articulated in *Silva-Trevino* for determining whether a crime involves moral turpitude, we conclude that misprision of felony under 18 U.S.C. § 4 is categorically such a crime. The elements of misprision of felony are "1) the principal committed and completed the alleged felony; 2) defendant had full knowledge of that fact; 3) defendant failed to notify the authorities; and 4) defendant took steps to conceal the crime." *United States v. Cefalu*, 85 F.3d 964, 969 (2d Cir. 1996).

First, we agree with the DHS's argument that taking steps to conceal a felony is reprehensible conduct that is morally turpitudinous. Courts have long held that concealment offenses are crimes involving moral turpitude. *See, e.g.*, *Villatoro v. Holder*, 760 F.3d 872, 877−78 (8th Cir. 2014) (holding that tampering with records under Iowa law is a crime involving moral turpitude where the statute required an intent to conceal wrongdoing); *Fuentes-Cruz v. Gonzales*, 489 F.3d 724, 726 (5th Cir. 2007) (per curiam) (holding that unlawful transport of an individual in a manner "designed to

conceal" that person from law enforcement under Texas law is a crime involving moral turpitude (emphasis omitted)); *Padilla v. Gonzales*, 397 F.3d 1016, 1020−21 (7th Cir. 2005) (holding that obstruction of justice under Illinois law is a crime involving moral turpitude because the offense required the concealment of criminal activity), *overruled on other grounds*, *Ali v. Mukasey*, 521 F.3d 737, 743 (7th Cir. 2008); *Smalley v. Ashcroft*, 354 F.3d 332, 336−39 (5th Cir. 2003) (holding that a money laundering offense is a crime involving moral turpitude where the intent was to conceal the proceeds of illegal drug activity); *United States ex rel. Medich v. Burmaster*, 24 F.2d 57, 58 (8th Cir. 1928) (holding that the concealment of assets in bankruptcy is a crime involving moral turpitude).

Further, as both the Fifth and Eleventh Circuits have explained, the affirmative act of concealment in the misprision context involves dishonest and deceitful behavior, which runs contrary to accepted societal duties and is morally turpitudinous conduct. *Villegas-Sarabia*, 874 F.3d at 881 (finding that the act of concealing a felony "necessarily entails deceit" (citation omitted)); *Itani*, 298 F.3d at 1216 (finding that the act of concealing a felony in the crime of misprision necessarily involves dishonest or fraudulent activity and is therefore a crime involving moral turpitude).

The respondent and the amici in support of the respondent assert on appeal that we should consider the act of concealment to be insufficient to render misprision of felony a categorical crime involving moral turpitude unless the underlying felony is a crime involving moral turpitude. Specifically, the respondent and amici argue that a contrary determination would lead to the alleged "absurd result" that a person who has committed misprision would be guilty of a crime involving moral turpitude even though the principal felony offender is not.

In *Robles-Urrea*, 678 F.3d at 710−11, the Ninth Circuit observed that it had recognized this "absurd result" in the context of a different statute, the Federal accessory-after-the-fact statute at 18 U.S.C. § 3 (2012), and concluded that the same reasoning would apply in the context of misprision of felony.[4] Like the Ninth Circuit, we have also held that accessory after the

---

[4]   18 U.S.C. § 3 provides:

> Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.

> [A]n accessory after the fact shall be imprisoned not more than one-half the maximum term of imprisonment or . . . fined not more than one-half the maximum fine prescribed for the punishment of the principal, or both; or if the principal is punishable by life imprisonment or death, the accessory shall be imprisoned not more than 15 years.

fact under § 3 may be a crime involving moral turpitude only if the underlying felony is a crime involving moral turpitude. *Matter of Rivens*, 25 I&N Dec. 623, 627 (BIA 2011).

However, we respectfully disagree that this reasoning extends to the misprision of felony offense at issue here. We recognize that accessory after the fact carries a higher potential range of punishment than misprision. Furthermore, in comparing misprision to accessory after the fact, we have found that "[i]t is a lesser offense to conceal a crime where there is no investigation or proceeding, or even an intent to hinder the process of justice." *Matter of Espinoza*, 22 I&N Dec. 889, 895 (BIA 1999). However, these comparative distinctions between misprision of felony and accessory after the fact do not inform or dictate our moral turpitude analysis. *See Matter of Solon*, 24 I&N Dec. 239, 240 (BIA 2007) ("Neither the seriousness of the underlying offense nor the severity of the punishment imposed is determinative of whether a crime involves moral turpitude.").

Considering the language of the misprision statute, we conclude that the affirmative act of concealing a known felony is deceitful and dishonest and is therefore reprehensible conduct that involves moral turpitude, regardless of whether the underlying felony is also a crime involving moral turpitude. *See, e.g.*, *Villegas-Sarabia*, 874 F.3d at 881; *Itani*, 298 F.3d at 1216. Notably, accessory after the fact does not necessarily involve an act of concealment of an underlying felony. *See* 18 U.S.C. § 3 (requiring that the offender receive, relieve, comfort, or assist the principal, "knowing that an offense against the United States has been committed"). Moreover, the range of punishment for misprision is fixed without regard to the underlying felony, while the range for accessory after the fact is directly tied to the potential punishment of the principal. *Compare* 18 U.S.C. § 3, *with* 18 U.S.C. § 4. This further supports our conclusion that, in the misprision context, whether the underlying felony involves moral turpitude is irrelevant.

We are also satisfied that the misprision statute encompasses the requisite scienter for the offense to be a crime involving moral turpitude. While the language of 18 U.S.C. § 4 does not explicitly require that the act of concealment be intentional, such intent is implicit because it must be shown that the "defendant took steps to conceal the crime." *See Cefalu*, 85 F.3d at 969; *see also United States v. Bolden*, 368 F.3d 1032, 1037 (8th Cir. 2004) (stating that "this statutory offense requires proof of 'affirmative steps' to conceal a known felony" (citation omitted)); *United States v. Vasquez-Chan*, 978 F.2d 546, 555 (9th Cir. 1992) (same), *overruled on other grounds*, *United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (same).

The act of taking steps to conceal a crime under § 4 has been interpreted by the courts to be a willful act. *See, e.g.*, *United States v. Davila*, 698 F.2d

715, 717 (5th Cir. 1983) (stating that a violation of the misprision statute "requires some positive act *designed to conceal* from authorities the fact that a felony has been committed" (emphasis added)); *United States v. Sampol*, 636 F.2d 621, 653 (D.C. Cir. 1980) (per curiam) (noting that misprision requires "knowledge of the commission of a felony, and *wilful concealment* from the authorities by some affirmative act" (emphasis added)); *see also United States v. King*, 402 F.2d 694, 697 (9th Cir. 1968); *Bratton v. United States*, 73 F.2d 795, 797−98 (10th Cir. 1934); *Black's Law Dictionary* 478 (8th ed. 2004) (defining "design" as a "[p]urpose or intention combined with a plan"); *cf. Fuentes-Cruz*, 489 F.3d at 726 (holding that the requisite mental state for purposes of moral turpitude existed where the Texas statute required the perpetrator to transport a person in a manner that was "designed to conceal" that individual from law enforcement (emphasis omitted)).

Significantly, charging documents for misprision have included allegations that the act of concealment was intentional. *See United States v. Adams*, 961 F.2d 505, 509 (5th Cir. 1992) (per curiam) (noting that the information charging the defendant with misprision stated that he "did knowingly and unlawfully conceal" the crime); *Sullivan v. United States*, 411 F.2d 556, 557 (10th Cir. 1969) (noting that the indictment stated that the defendant "did wilfully conceal" the crime). Similarly, jury instructions regarding the elements of misprision have included statements that the defendant's concealment must be deliberate. *See United States v. Salinas*, 956 F.2d 80, 83 (5th Cir. 1992) (providing that the jury instruction on the elements of misprision required that the defendant "deliberately took an affirmative step to conceal the crime"); *Sampol*, 636 F.2d at 653 (discussing the instruction that "[t]o commit the crime [of misprision] of a felony the defendant's knowledge must be actual and his concealment must be purposeful and deliberate"); *see also United States v. Clemons*, 166 F.3d 1215 (6th Cir. 1998) (per curiam) (unpublished).

Based on the language of the misprision statute and the elements of the offense, as set forth in charging documents and jury instructions and as interpreted by the courts, we conclude that the concealment element of misprision requires an intentional act that is sufficiently reprehensible to be considered morally turpitudinous.

Finally, the respondent asserts that our holding in *Matter of Espinoza*, 22 I&N Dec. at 892, that misprision of felony is not an obstruction of justice aggravated felony under section 101(a)(43)(S) of the Act, 8 U.S.C. § 1101(a)(43)(S) (2012), conflicts with our determination that misprision encompasses the requisite scienter for a crime involving moral turpitude. We concluded there that misprision "lacks the critical element of an affirmative and intentional attempt, motivated by a specific intent, to interfere with the process of justice." *Id.* at 896. We made no determination in *Matter of*

*Espinoza* concerning the mens rea attached to the actual act of concealment or to the question whether the offense is a crime involving moral turpitude. We are therefore unpersuaded by the respondent's contention.

We conclude that misprision of felony in violation of 18 U.S.C. § 4 is categorically a crime involving moral turpitude and will therefore reaffirm our holding in *Matter of Robles*.[5]  In addition, we respectfully decline to follow *Robles-Urrea v. Holder* in cases arising outside the jurisdiction of the Ninth Circuit.  Accordingly, the respondent's appeal will be dismissed.

**ORDER:**  The appeal is dismissed.

---

[5]  The respondent contends that the application of our precedent decision in *Matter of Robles* would be impermissibly retroactive.  We disagree.  We need not reach the question whether our decision can be applied to conduct that predated that order, because the respondent's conviction documents make clear that his offense was committed in 2010, years after *Matter of Robles* was published.