# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2021

Lyle W. Cayce
Clerk

No. 19-60376

Fernando Munoz-Rivera, also known as Fernando Rivera Munoz, also known as Martin Alvarez, also known as Edgar Gonzalez-Munoz, also known as Rivera Munoz,

*Petitioner*,

*versus*

Robert M. Wilkinson, Acting U.S. Attorney General,

*Respondent*.

On Petition for Review of an Order of the
Board of Immigration Appeals

Before Owen, *Chief Judge*, and Graves and Ho, *Circuit Judges*.

Per Curiam:

The question presented in this case is whether the use of an unauthorized social security number constitutes a crime involving moral turpitude (CIMT) such that Fernando Munoz-Rivera is ineligible for cancellation of his removal to Mexico. Because we answer in the affirmative, we dismiss the petition for review.

No. 19-60376

# I

Fernando Munoz-Rivera, a Mexican citizen, entered the United States near Laredo, Texas in 2010 without being admitted or paroled. In 2015, Munoz-Rivera was convicted of the use of an unauthorized social security number in violation of 42 U.S.C. § 408(a)(7)(B). The Department of Homeland Security later charged Munoz-Rivera with being removable as an alien convicted of a CIMT under § 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(2)(A)(i)(I). Munoz-Rivera denied the charge, asserting that he had not been convicted of a CIMT and that he intended to seek cancellation of removal under §240A(b)(1) of the INA, 8 U.S.C. § 1229b(b)(1).

After allowing the parties to brief whether the § 408(a)(7)(B) offense constitutes a CIMT, the Immigration Judge (IJ) agreed with the Government, sustaining the charges against Munoz-Rivera, pretermitting his application for cancellation of removal, and ordering that he be removed. The Board of Immigration Appeals (BIA) dismissed Munoz-Rivera's appeal, agreeing with the IJ that Munoz-Rivera was ineligible for cancellation of removal because his conviction for use of an unauthorized social security number was a CIMT. Munoz-Rivera filed a timely petition for review.

# II

This court reviews de novo the BIA's determination of whether an offense qualifies as a CIMT but defers to the BIA's interpretation of the term "moral turpitude."[1] Our court has observed that "[t]he INA does not define the term 'moral turpitude' and legislative history does not reveal congressional intent regarding which crimes are turpitudinous. Instead,

---

[1] *Villegas-Sarabia v. Sessions*, 874 F.3d 871, 877 (5th Cir. 2017).

No. 19-60376

Congress left the interpretation of this provision to the BIA and interpretation of its application to state and federal laws to the federal courts."[2]

Under 8 U.S.C. § 1182(a)(2)(A)(i)(I), an alien is inadmissible into the United States if she has been convicted of a CIMT.[3] Section 1229b provides that an alien is ineligible for cancellation of her removal if she has been convicted of an offense under § 1182(a)(2).[4] Thus, if the offense of which Munoz-Rivera was convicted constitutes a CIMT, Munoz-Rivera is pretermitted from applying for cancellation of his removal, we are without jurisdiction to review the removal order, and the petition for review must be dismissed.[5]

The criminal statute at issue provides:

Whoever—

(7) for the purpose of causing an increase in payment authorized under this subchapter (or any other program financed in whole or in part from Federal funds), or for the purpose of causing a payment under this subchapter (or any such other program) to be made when no payment is authorized thereunder, or for the purpose of obtaining (for himself or any other person) any payment or any other benefit to which he (or such other person) is not entitled, or for the purpose of obtaining anything of value from any person, or for any other purpose—

---

[2] *Rodriguez-Castro v. Gonzales*, 427 F.3d 316, 319-20 (5th Cir. 2005) (internal quotation marks and citations omitted).

[3] 8 U.S.C. § 1182(a)(2)(A)(i)(I).

[4] 8 U.S.C. § 1229b(b)(1)(C).

[5] *See* 8 U.S.C. § 1252(a)(2)(C); *Fuentes-Cruz v. Gonzales*, 489 F.3d 724, 727 (5th Cir. 2007) (per curiam).

No. 19-60376

(B) with intent to deceive, falsely represents a number to be the social security account number assigned by the Commissioner of Social Security to him or to another person, when in fact such number is not the social security account number assigned by the Commissioner of Social Security to him or to such other person . . . shall be guilty of a felony . . . .[6]

Deferring to the BIA's interpretation, we have explained:

Moral turpitude refers generally to conduct that shocks the public conscience as being inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general. Moral turpitude has been defined as an act which is per se morally reprehensible and intrinsically wrong, or malum in se, so it is the nature of the act itself and not the statutory prohibition of it which renders a crime one of moral turpitude. Among the tests to determine if a crime involves moral turpitude is whether the act is accompanied by a vicious motive or a corrupt mind.[7]

"This court uses a categorical approach to determine whether a particular crime meets the BIA's definition of a CIMT."[8] The categorical approach "focuses on the inherent nature of the crime, as defined in the statute . . . rather than the circumstances surrounding the particular transgression."[9] "When applying the categorical approach, the statute must be read as the minimum criminal conduct necessary to sustain a conviction under the statute."[10] For Munoz-Rivera to have committed a CIMT,

---

[6] 42 U.S.C. § 408(a)(7)(B).

[7] *Omagah v. Ashcroft*, 288 F.3d 254, 259-60 (5th Cir. 2002) (quoting *Hamdan v. INS*, 98 F.3d 183, 186 (5th Cir. 1996)).

[8] *Villegas-Sarabia v. Sessions*, 874 F.3d 871, 877 (5th Cir. 2017).

[9] *Id*. (quoting *Amouzadeh v. Winfrey*, 467 F.3d 451, 455 (5th Cir. 2006)).

[10] *Id*. (quoting *Rodriguez-Castro v. Gonzales*, 427 F.3d 316, 320 (5th Cir. 2005)).

No. 19-60376

therefore, the minimum conduct criminalized under § 408(a)(7)(B) must constitute moral turpitude.

Under this court's precedents, the § 408(a)(7)(B) offense categorically constitutes a CIMT. "This Court has repeatedly held that crimes including an element of intentional deception are crimes involving moral turpitude."[11] Similarly, "[t]his court's precedent firmly establishes that '[c]rimes including dishonesty or lying as an essential element involve moral turpitude.'"[12] A § 408(a)(7)(B) offense necessarily involves intentional deception: a person commits the offense if, "with intent to deceive", she "falsely represents a number to be the social security account number . . assigned . . . to [her] or to another person" when that number has not been assigned to her or such other person.[13] The offense is a CIMT rendering Munoz-Rivera ineligible for cancellation of his removal.

Our decision in *Hyder v. Keisler*[14] further supports our conclusion. In that case, the court held that § 408(a)(7)(B)'s sister offense, § 408(a)(7)(A), constituted a CIMT.[15] Subsection (A) provides that one commits a felony if she:

> for any other purpose—
>
> > (A) willfully, knowingly, and with intent to deceive, uses a social security account number, assigned by the Commissioner of Social Security . . . on the basis of false

---

[11] *Fuentes-Cruz v. Gonzales*, 489 F.3d 724, 726 (5th Cir. 2007) (per curiam).

[12] *Villegas-Sarabia*, 874 F.3d at 881 (second alteration in original) (quoting *Hyder v. Keisler*, 506 F.3d 388, 391 (5th Cir. 2007)).

[13] *See* 42 U.S.C. § 408(a)(7)(B).

[14] 506 F.3d 388 (5th Cir. 2007).

[15] *Id*. at 393.

No. 19-60376

information furnished to the Commissioner of Social
Security by h[er] or by any other person . . . .[16]

The court reasoned: "Hyder was convicted of a crime that involves
dishonesty as an essential element. As our precedents make clear, such a
crime falls well within this circuit's understanding of the definition of
CIMT."[17] Just as § 408(a)(7)(A) involves dishonesty as an essential
element, so too does § 408(a)(7)(B).

Munoz-Rivera argues that the broad statutory language, criminalizing
the use of an unauthorized social security number for "any . . . purpose,"
could include a non-turpitudinous purpose, and therefore the crime is not
categorically one involving moral turpitude. However, the same "any . . .
purpose" language applied to the § 408(a)(7)(A) offense discussed in *Hyder*,
and the court nevertheless held that the offense was a CIMT.[18] The reason
is simple: "[i]n determining whether an offense is a CIMT, '[w]e concentrate
on the inherent nature of the crime, as defined in the statute concerned,
rather than the circumstances surrounding the particular transgression.'"[19]
In other words, as the BIA recognized, "the conduct considered
turpitudinous is the intentional deception itself, regardless of the purpose of
the deception." "The particular circumstances surrounding [Munoz-
Rivera's] conviction, such as the light sentence and his possible lack of a
'vicious motive,' are not relevant to our analysis."[20]

---

[16] 42 U.S.C. § 408(a)(7)(A).

[17] *Hyder*, 506 F.3d at 392.

[18] *Id.* at 390-91.

[19] *Id.* at 391 (second alteration in original) (quoting *Omagah v. Ashcroft*, 288 F.3d
254, 260 (5th Cir. 2002)).

[20] *Hyder*, 506 F.3d at 392.

No. 19-60376

Munoz-Rivera argues that the offense cannot categorically constitute a CIMT unless the deception is accompanied by some further aggravating element, "such as either an element involving the specific intent to defraud the government or an element which necessarily causes harm to another person directly or to the government and society at large by impairing or obstructing a function of the government." Munoz-Rivera bases this argument on the at-times qualified language this court has used in its analysis of the relationship between deception and moral turpitude.[21] However, Munoz-Rivera fails to appreciate that both this court and the BIA—to which we accord "considerable deference" in interpreting moral turpitude[22]— understand the offender's deceptive intent to be dispositive.[23] In other words, deceptive intent is sufficient for an offense to constitute a CIMT.

Assuming, arguendo, that conviction under the operative statute requires a further aggravating element beyond deceptive intent, we are satisfied that such an element is present. Conviction under § 408(a)(7)(B) necessarily involves conduct that obstructs the function of government. As the government correctly points out, the use of an unauthorized social security number "disrupts the ability of the government to oversee the management of social security accounts; impacts legitimate tax collection

---

[21] *See, e.g.*, *id.* at 391 ("We have repeatedly emphasized that crimes whose essential elements involve fraud or deception *tend* to be CIMTs." (emphasis added)).

[22] *Mercado v. Lynch*, 823 F.3d 276, 278 (5th Cir. 2016) (per curiam) (internal quotation marks omitted) (quoting *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007)).

[23] *See Villegas-Sarabia v. Sessions*, 874 F.3d 871, 881 (5th Cir. 2017) (specifically holding that misprision of a felony is a CIMT because it "necessarily entails deceit" (internal quotation marks and citation omitted)); *In re Jurado-Delgado*, 24 I. & N. Dec. 29, 35 (BIA 2006) ("[T]he intent to mislead . . . is the controlling factor.").

efforts; and imposes a public cost in efforts to protect personal information." In other words, a § 408(a)(7)(B) offense necessarily harms the government.[24]

We are mindful of circuit disagreement as to whether § 408(a)(7)(B) constitutes a CIMT.[25] However, in *Hyder*, we specifically rejected the Ninth Circuit's holding in *Beltran-Tirado*.[26] In *Beltran-Tirado*, the Ninth Circuit considered the precise issue before this court today: whether a violation of 42 U.S.C. § 408(g)(2), recodified as § 408(a)(7)(B), constitutes a CIMT. The *Hyder* court "decline[d] to follow *Beltran-Tirado* in exempting social security number misuse from CIMT status" because "to follow the Ninth Circuit's reasoning would require us to ignore our existing precedents, which establish that crimes involving intentional deception as an essential element are generally CIMTs."[27] We once again decline to follow *Beltran-Tirado*.

\* \* \*

Munoz-Rivera was convicted of an offense that categorically involves moral turpitude. Thus, his application for cancellation of removal is pretermitted. We DISMISS his petition for review.

---

[24] *Cf. Hyder*, 506 F.3d at 392 ("Moreover, the fact that the government was the only victim does not negate a finding that the offense is a CIMT . . . .").

[25] *Compare Moreno-Silva v. U.S. Att'y Gen.*, 481 F. App'x 611, 613 (11th Cir. 2012) (per curiam) (holding that the BIA reasonably interpreted § 408(a)(7)(B) crimes to categorically constitute CIMTs), *and Guardado-Garcia v. Holder*, 615 F.3d 900, 903 (8th Cir. 2010) (holding the same), *with Arias v. Lynch*, 834 F.3d 823, 824 (7th Cir. 2016) ("[W]e doubt that every violation of the statute necessarily qualifies as a crime involving moral turpitude."), *and Ahmed v. Holder*, 324 F. App'x 82, 83 (2d Cir. 2009) ("We are not persuaded that Syed Iqbal Ahmed's conviction under 42 U.S.C. § 408(a)(7)(B) is of a crime involving moral turpitude."), *and Beltran-Tirado v. INS*, 213 F.3d 1179, 1186 (9th Cir. 2000) (holding that the BIA "erred" in determining that the petitioner's § 408(a)(7)(B) convictions established moral turpitude).

[26] *Hyder*, 506 F.3d at 393.

[27] *Id.*